### BOURLAND et al. v. NIXON.

PLEAS—*Pendency of another suit, etc.*—Plea of the pendency of another suit, in a tribunal having concurrent jurisdiction, must distinctly aver that the same parties and the same subject matter are before it, otherwise the plea is demurrable.

APPEAL FROM FRANKLIN CIRCUIT COURT.

HON. WILLIAM N. MAY, *Circuit Judge.*

*Garland & Nash,* for Appellants.

*First.* Appellee had full and complete remedy by execution, after order of payment and refusal to pay. *Gould's Digest,* Chapter 4, *Sections* 143–47.

*Second.* The whole matter was pending in another court, the Chancery, which takes jurisdiction for all purposes, and the court first taking jurisdiction retains it; therefore the *sci. fa.* should have been dismissed. 5 *Ark.,* 424; 21 *Id.* 367; 10 *Peters,* 400; 25 *Ill.,* 107; 24 *Howard (U. S.)* 450; 3 *Wall,* 334.

*Third.* All the pleas in the court below, not being disposed of, the case must be reversed. 6 *Ark.,* 447; *White vs. Reagan,* 25 *Ark.,* 622.

*Clark & Williams,* for Appellee.

*First.* As to the question raised by the 8th plea, whether a

note given or a judgment upon a note given for a negro slave can be recovered. *See Jacoway vs. Denton*, 25 *Ark.*, 625.

*Second.* We submit that all the other pleas are too plainly frivolous and destitute of any shadow of defense, to require notice; and there being no error in the record and proceedings, the judgment should be affirmed. *Gould's Dig.*, *Chap.* 4, *Sec.* 201; *Chap.* 40, *Secs.* 27, 28; *Dempsey vs. Fenno*, 16 *Ark.*, 491.

BENNETT, J.—Nixon, who had a claim, proved in due form before the Probate Court, against the estate of John M. Davis, deceased, got an order of payment against the administrator. But payment was not made when demanded. An execution was issued against the administrator which was returned "not satisfied." A *sci. fa.* then issued against the administrator and his securities, to show cause why they should not be made to pay the claim.

The securities appeared and filed what purported to be twelve pleas. All except the 2d, 6th, 8th, and 11th, were of so frivolous a character, as to demand no consideration from this or any other court. The 2d plea, that no demand for payment of money was made before execution was issued, was not sustained by the evidence introduced before the court sitting as a jury. The 6th plea, that of payment, was not attempted to be sustained on trial. The 8th, that the consideration of the note, upon which judgment was rendered, was a negro slave, if true, could not avoid the claim, as a negro has been held to be a good consideration for a contract. *Jacoway vs. Denton*, 25 *Ark.*, 625.

The only plea having even the semblance of merit, was the 11th, stating there was another suit pending for the same subject matter in the Chancery Court.

While we may admit that the court, first obtaining jurisdiction of the cause, should have the right to decide every issue arising in the progress of the cause, at the same time it is confined in its operations to the parties before the court, or

who may, if they wish to do so, come before the court and have a hearing on the issue so to be decided. But it is not true that a court having obtained jurisdiction of a subject matter of a suit, thereby excludes all other courts from the right to adjudicate the subject matter, when other persons are parties to it—or upon other matters having a close connection with them before the court. In examining into the exclusive character of the jurisdiction of such cases, we must have regard to the nature of the remedies, the character of the relief sought, and the identity of the parties in the different suits. The limitations to this rule, if we may call it one, must be much stronger and must be applicable under many more varying circumstances, when persons, not parties to the first, are prosecuting their own interests in other courts. *Buck vs. Colbuth,* 3 *Wall.,* 344.

A person pleading the pendency of another suit, in another tribunal having concurrent jurisdiction, must distinctly aver that the same parties and the same subject matter is before it, otherwise the plea would be bad. The plea filed in the cause, now under consideration, did not do this, therefore there was no error in sustaining the demurrer.

No error appearing in the record or judgment of the court, it is in all things affirmed with costs.