KEMPTON HOTEL COMPANY v. RICKETTS ET AL.

[No. 10,967. Filed October 13, 1921.]

1. PLEADING.— *Plea in Abatement.*— *Requisites.*—*Certainty.*— *Presumptions.*—A plea in abatement must allege with greatest certainty every fact necessary to its sufficiency, no presumptions of fact or law being allowed in its favor and every intendment being taken against it. p. 462.

2. PLEADING.—*Plea in Abatement.*— *Requisites.*— *Negativing Conclusions Against Pleader.*—*Anticipating Defenses.*—A plea in abatement must negative every conclusion against the the pleader, and anticipate and negative all matter which, if alleged by the adversary party, would defeat the plea. p. 462.

3. PLEADING.—*Plea in Abatement.*—*Requisites.*—A plea in abatement should allege facts, and not conclusions. p. 462.

4. PLEADING.—*Plea in Abatement.*—*Sufficiency.*—*Pleading Conclusion.*—A plea in abatement which alleges merely that plaintiff is not a corporation is insufficient on demurrer, since it is a bare statement of a conclusion. p. 463.

5. CORPORATIONS.—*Action to Set Aside Decree of Dissolution.*— *Plea in Abatement.*—*Sufficiency.*—In an action to set aside a decree dissolving a corporation, where plaintiff corporation averred in its complaint and reply that no summons or other notice of the filing and pendency of the dissolution proceeding was ever served on it or its stockholders, and that such proceedings were instituted by its secretary with the fraudulent intent to deprive plaintiff of its property, that no appearance

was entered, and no answer filed by plaintiff, and that no evidence was heard by the court, which entered the decree of dissolution on the unsupported allegations of defendant, an answer in abatement alleging the forfeiture of plaintiff's charter, and that by reason thereof, plaintiff was not a corporation, was insufficient as against demurrer, since it ignored the affirmative elements appearing in the complaint, and did anticipate them as they appeared in the reply. p. 463.

6. PLEADING.—*Demurrers to Pleas in Abatement.—Do Not Search Record.*—Demurrers to pleas in abatement do not search the record, and do not reach back to the complaint. p. 463.

7. JUDGMENT.—*Decree Dissolving Corporation.—Collateral Attack.—Fraud.*—In an action to set aside a decree dissolving a corporation, averments in the complaint that in the dissolution proceeding there was no service of summons or other notice on plaintiff or its stockholders, nor any appearance by them, and that defendant had falsely represented to the court that he owned all of the stock of plaintiff, and that it had no assets, showed that the court had no jurisdiction, and was induced by fraudulent representations to enter the decree of dissolution, constituted a direct, and not a collateral attack on such judgment. p. 463.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by the Kempton Hotel Company against John E. Ricketts and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Ira M. Sharp,* for appellant.
*Carl E. Wood* and *Harry C. Sheridan,* for appellees.

NICHOLS, P. J.—Action by appellant, a corporation, to recover certain real estate owned by it, and which had been pledged to secure the payment of the debt of an individual. The complaint charges in the first and second paragraphs, after alleging corporate existence, that in March, 1910, appellant was the owner of forty-two feet off the whole north end of Lots 3 and 4 in Block No. 1, in the original plat of the town of Kempton, Tipton county, Indiana; that one Gossard was the president of appellant; and appellee Ricketts was its secretary;

on March 14, 1910, one Edgar Snetcher owed to the State Bank of Kempton, $856, and had executed his note therefor to said bank, and appellee Ricketts, had signed said note as surety. On said date Gossard as president and Ricketts as secretary of appellant executed a deed purporting to convey said real estate to one Frank Goodnight upon the condition expressed in said deed that the same was to be reconveyed to the said Ricketts; said real estate was conveyed to Ricketts on the same day; afterward Snetcher procured from Ellis and Fleming of Cincinnati sufficient money to pay said note upon which Ricketts was surety, and did pay the same and entered into a new arrangement with Ellis and Fleming for the payment of said sum by Snetcher; Ricketts thereupon conveyed said real estate to Ellis and Fleming; afterward Fleming conveyed his interest to Ellis, and still later appellee McMullen, with knowledge of all the facts, procured said real estate to be conveyed to him, and is now claiming to be the owner thereof as against appellant.

The third paragraph of complaint sets out the same facts as the first and second paragraphs, and in addition thereto alleges in substance that in March, 1910, said Ricketts filed a pretended complaint in the Tipton Circuit Court in which he alleged that he was the owner of all the stock which had been issued in appellant company; that the said company was not the owner of any property, real or personal, and had forfeited its rights, privileges and franchises granted to it by the state, and asked the judgment of the court forfeiting the charter of appellant. Said third paragraph further alleges that no notice was given to appellant by summons or otherwise of the filing and pendency of said action, and that the record of said cause does not show that any summons or other notice was ever issued or served upon appellant; that notwithstanding there were other stock-

holders of appellant, which fact was known to said Ricketts at the time he filed his complaint, said stockholders were not made defendants to said action and no notice or summons was ever issued or served upon them or any of them; that said Ricketts filed said proceeding for the purpose and with the intent fraudulently to deprive appellant of its property; that appellant did not appear to said complaint and filed no answer, all of which appears by the record of said cause; that afterward the Tipton Circuit Court, without notice to any one, made and entered a pretended judgment purporting to forfeit the charter of appellant and to dissolve it and destroy it as a legal entity; that no evidence was heard by the court, but said judgment was entered upon the unsupported allegations of said Ricketts. The prayer of this paragraph is that the court adjudge and decree that each of the above mentioned deeds is void, and created neither a lien upon the property of appellant nor operates to convey the title thereof, and that appellants and each of them be restrained and enjoined from asserting any right, title, interest in and lien upon said real estate growing out of, founded or based upon said instruments or either of them, and that the title of appellant be quieted as against appellee, and that the pretended judgment and decree of the Tipton Circuit Court purporting to annul the franchise of appellant and dissolve it as a corporation be set aside and held for naught.

There was no demurrer to any one of the paragraphs of the complaint. Appellees McMullen and Ricketts each filed a separate answer in abatement in two paragraphs. In the respective first paragraphs it is simply alleged that appellant is not now a corporation. In the respective second paragraphs it is alleged that on March 31, 1910, the charter of appellant was forfeited and dissolved by the Tipton Circuit Court, and that by

force of said judgment said corporation then ceased to exist, and said appellant is not now a corporation. Appellant demurred respectively to these answers, but the demurrers were overruled and the appellant excepted. The appellant filed a reply to said answers in abatement, averring therein as to the invalidity of the judgment on the petition of Ricketts to dissolve the corporation, substantially the same as in the third paragraph of complaint.

There was a trial on the issue presented by the answer in abatement, and a finding and judgment that the action abate, from which, after appellant's motion for a new trial was overruled, it appeals, assigning as error the court's action in overruling its respective demurrers to the answers in abatement, and in overruling its motion for a new trial.

A plea in abatement is not a favorite of the law, and for this reason it must allege with greatest certainty, in every particular, every fact necessary to its 1-3.. sufficiency. No presumptions of fact or law are allowed in its favor, but on the contrary, every intendment must be taken against it. It must negative every conclusion against the pleader, and it must anticipate and negative all matter which, if alleged on the other side, would defeat the plea. It should allege facts, and not conclusions. The foregoing general principles controlling pleas in abatement are sustained by many authorities. See 1 C. J. 28; 31 Cyc 179; *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; *Board, etc.* v. *Lafayette, etc.* (1875), 50 Ind. 85; *Kelley* v. *State* (1876), 53 Ind. 311; *C. Callahan Co.* v. *Wall Rice, etc., Co.* (1909), 44 Ind. App. 372, 89 N. E. 418; *Brown-Ketcham Iron Works* v. *George B. Swift Co.* (1913), 53 Ind. App. 630, 100 N. E. 584, 100 N. E. 860; *Moore* v. *Morris* (1895), 142 Ind. 355, 41 N. E. 796; *State* v. *Comer* (1902), 157 Ind. 614, 62 N. E. 452.

Measured by these rules, it requires no argument to demonstrate that each of the paragraphs of the respective pleas in abatement is wholly insufficient to withstand the demurrer thereto. The first is a bare statement of a conclusion, and the second wholly ignores affirmative elements which appear in the third paragraph of complaint, and fails to anticipate them as they appear in the reply. The respective demurrers to the plea in abatement should have been sustained.

Appellee contends that the attack in the third paragraph of complaint on the judgment dissolving appellant corporation is a collateral attack, and that the judgment, not being void, is not subject to collateral attack. There was no demurrer to the third paragraph of complaint, and the demurrer to the pleas in abatement does not reach back to the complaint. Demurrers to pleas in abatement do not search the record. *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App. 515, 51 N. E. 143; *Indiana, etc., R. Co.* v. *Foster* (1886), 107 Ind. 430, 8 N. E. 264; *Goldsmith* v. *Chipps* (1900), 154 Ind. 28, 55 N. E. 855; *State* v. *Roberts* (1906), 166 Ind. 585, 77 N. E. 1093; *Darnell* v. *State* (1910), 174 Ind. 143, 90 N. E. 769. However, as the judgment must be reversed, and the cause remanded for further proceedings, which will of necessity involve this question again, we deem it expedient to determine it.

The third paragraph of complaint avers that there was no service of summons on appellant, or notice of any kind to it, nor to any of its stockholders. There was no appearance by appellant or by any of its stockholders. Said Ricketts falsely represented to the court that he owned all the capital stock of said corporation, and that the same had no assets. These averments show that the court had no jurisdiction, and that by said fraudulent representations, the

court was induced to enter the judgment. Clearly, the averments of the third paragraph, as well as of the reply, constitute a direct attack upon the pretended judgment which was void *ab initio*. *State of New Jersey v. Shirk* (1920), 75 Ind. App. 275, 127 N. E. 861; *Cotterell v. Coon, Admr.* (1898), 151 Ind. 182, 51 N. E. 235; *Asbury v. Frisz* (1897), 148 Ind. 513, 47 N. E. 328; *Kirby v. Kirby* (1895), 142 Ind. 419, 41 N. E. 809; *State v. Hindman* (1903), 159 Ind. 586, 65 N. E. 911. The authorities cited by appellees on this question are readily distinguished from this case.

The judgment is reversed with instructions to grant a new trial, to sustain the respective demurrers to the pleas in abatement, and for further proceedings.