GREIS, TRUSTEE *v.* HERBERT.

[No. 16,229.   Filed June 17, 1940.   Rehearing denied
October 15, 1940.]

*Louis L. Roberts, Leo Warren,* and *William L. Irons,* all of Evansville, for appellant.

*Embree & Hall,* of Princeton, for appellee.

LAYMON, P. J.—Appellant instituted this action in the Gibson Circuit Court to recover from appellee for damage to his truck. The complaint was filed on July 16, 1937, and summons was served upon appellee by the sheriff of Gibson County on July 19, 1937. Appellee appeared specially and filed his plea in abatement alleging that at the time the action was begun, and continuously since, he has not been a resident of Gibson County, Indiana, but was, and still is, a resident of Ower. County, Indiana, and did not, at any time, have an office or agency for the transaction of business in said Gibson County. The issue, joined by a general denial, was submitted to the court for trial, resulting in a finding and judgment adverse to appellant. This appeal followed. The error assigned is the overruling of appellant's motion for a new trial. The grounds in the motion are that the finding is not sustained by sufficient evidence and is contrary to law.

The question presented is primarily one of fact. The action was instituted in Gibson County, and summons was served upon appellee by the sheriff of that county. In order to invoke the provisions of our statute (§ 2-707, Burns' 1933), requiring actions of this character to be brought in the county where the

defendant has his "usual place of residence," appellee asserts that at the time of the commencement of the present action, and continuously since, he was and still is a resident of Owen County, Indiana. The burden was upon appellee to establish his plea.

Appellee was the only witness. He testified that he had been in the employ of the Moorman Manufacturing Company for approximately two years, having first served as a dealer and supervisor and later being appointed sales manager of Gibson and Posey counties, Indiana; that his appointment as sales manager was made on July 18th or 19th of 1937, at which time he established his headquarters in Princeton (Gibson County), Indiana, where he rented a room. The nature of his work caused him to travel from place to place, but he had lived in Princeton prior to July 19, 1937, having been located there continuously from Labor Day of 1936, until after February 13th of 1937. He stated that men working under him would ordinarily, if they wished to get in touch with him, attempt to find him at Princeton. Appellee testified that he is divorced from his wife and is the father of three married children. In the election of 1936 he voted in Quincey, Owen County, Indiana, and at that time owned a tourist camp, a store building, a residence, several vacant lots, and 2½ acres of land in Owen County. On July 19, 1937, his son and daughter-in-law occupied this tourist camp, but he does not recall whether or not he was the owner on that date. Part of his furniture was kept at the camp and part at Quincey, and he returned to Quincey every three or four weeks for week-end visits and on business. The house which he owns in Quincey was rented in July of 1937. Appellee has no furnished room in this house where he might stay if he desired. The building which he claims as his residence in Owen

County is a store building. Appellee further testified that he carried a bank account in a Princeton bank and received mail at Princeton, Quincey, and Cloverdale, Indiana. In 1937 he purchased his automobile license plates in Spencer, Owen County, and gave his personal property in for taxation in Owen County. He stated that he considers Quincey his home but that as far as having a home where service could be obtained on him, it is "hard telling" where that would be; that they would have to get service "wherever they would catch me." He also testified that if the sheriff of Owen County should attempt to obtain service on him, either by personal service or by leaving a copy, "if they knowed me well enough I suppose they would mail it to me."

The issue presented by the plea involved the jurisdiction of the court over the person of the defendant and not the subject-matter of the action. *Eel River R. Co.* v. *State ex rel. Kistler* (1896), 143 Ind. 231, 42 N. E. 617.

A plea in abatement is not a favorite of the law, and for this reason it must allege with greatest certainty in every particular every fact necessary to its sufficiency. *Kempton Hotel Co.* v. *Ricketts* (1921), 76 Ind. App. 458, 132 N. E. 303.

To support the plea, the evidence should have disclosed with the same degree of particularity and certainty as the pleading the place of his "usual place of residence," so as to permit jurisdiction over his person to be acquired by service upon him by leaving a true copy of the summons at his usual place of residence, as provided by statute.

Giving the phrase "usual place of residence" its ordinary and accepted meaning, considering the evidence most favorable to the finding, and recognizing

■   that it is within the province of the trial court to reconcile the testimony, we think the evidence is insufficient to sustain the finding.

Judgment reversed.

NOTE.—Reported in 27 N. E. (2d) 924.