GADDIS *v.* BARNES, JR., ET AL.

[No. 18,337.  Filed June 12, 1953.]

*Wilbur F. Dassel,* of Evansville, for appellant.

*Bredell, Cooper & Martin,* of Indianapolis, for appellee.

BOWEN, J.—This appeal questions the action of the court below in sustaining a plea in abatement, and entering judgment that the action do abate as to the appellee Harold Barnes, Jr., on the appellant's complaint for damages for personal injuries. The issues were joined below on appellant's complaint, the appellee Harold Barnes, Jr.'s, plea in abatement, and the appellant's answer thereto. Such plea in abatement alleged:

". . . that on June 1, 1951, and at no time since said date, has said defendant, Harold Barnes, Jr., resided in Vanderburgh County or any place in the State of Indiana, nor has he had nor maintained a last or usual place of residence in Vanderburgh County or any place in the State of Indiana; that continuously ever since the commencement of this action and at the present time and at the beginning of this action and ever since that time, the said defendant, Harold Barnes, Jr., has been and still is a non-resident of ·the State of Indiana.

"That plaintiff's alleged cause of action for damages for personal injuries as alleged in his complaint, is predicated upon an automobile accident alleged to have occurred in Vanderburgh County, State of Indiana, as a result of the alleged negligence of the defendant, Harold Barnes, Jr., in the manner in. which he was alleged to have been driving his automobile on the 30th day of December, 1950.

"That on December 30, 1950, and at the time of the happening of said purported accident described in plaintiff's complaint, said defendant, Harold Barnes, Jr., was a resident of Vanderburgh County, State of Indiana, and that he remained a resident of said County and State until on or about February 9, 1951, at which time he moved and changed his residence outside the State of Indiana; that said defendant, Harold Barnes, Jr., has not now and never has had an office, agency or place of business in said Vanderburgh County, State of Indiana, and that said suit and cause of action did not grow out of and was not concerned with any business ·or transaction of any office or agency of said defendant, Harold Barnes, Jr., in the State of Indiana.

"That ·the only ·attempted or purported service of summons therein as shown by the records of this case was as follows:

'State of Indiana, Vanderburgh County, ss:

'The State of Indiana to the Sheriff of Vanderburgh County,

'Greetings:

'You are hereby commanded to summon and notify Harold Barnes, Jr., Haag Ave. (Across

the street from 2516 Eloise Ave.) that there
is an action instituted against him by Frank
Gaddis as Plaintiff in the Superior Court of
Vanderburgh County, Indiana, at Evansville,
Indiana, and that the 16th day of June 1951
is fixed as the day on which he is to appear
or enter his appearance either in person or by
attorney in said court, and in case of failure
so to do the matter will be decided in his
absence.

'And of this writ make due return.

'Witness, the Clerk of said Court and the
seal hereunto affixed at Evansville, this 1st day
of June 1951.

s/s      Ed J. Sauer      Clerk
s/s by   Eloise Sachs     Deputy

"On the reverse side of the summons appeared the
following:

'Served the within Harold Barnes, Jr., by
leaving a true copy of this summons at his
last and usual place of residence this June 2,
1951.

s/s   Frank F. McDonald
      Sheriff Vanderburgh County

By s/s   Harold Bennett
         Deputy'

"That no other attempted service of process of
any time whatsoever has been had or attempted to
be had in this case upon said defendant, Harold
Barnes, Jr., other than said attempted service of
process as above set forth.

"That said writ of summons issued in this cause
by the Clerk of this Court and directed to the Sher-
iff of Vanderburgh County, Indiana for service
upon this defendant, Harold Barnes, Jr., was never
served by the Sheriff or duly authorized deputy
personally upon the said defendant; that said de-
fendant, Harold Barnes, Jr., has never been served
personally nor had read to him the original or a
copy of said summons issued in this cause and that

said defendant, Harold Barnes, Jr., has not been served by service of process in the above entitled cause in any manner whatsoever.

"Wherefore, the defendant Harold Barnes, Jr., demands that said action as to him abate."

The appellant did not demur to the plea in abatement and issues were joined on the same and a trial had on appellee's plea in abatement, after which the court entered judgment that the action abate as to the defendant, Harold Barnes, Jr. The appellant filed his motion for a new trial, the grounds of which motion were that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The evidence in this case consisted of various exhibits as to service of summons upon the appellee and the testimony of Harold Barnes, Jr.'s, stepmother, Viola Barnes, and the testimony of Mildred Bays, a step-sister of Harold Barnes, Jr.

The appellee Harold Barnes, Jr.'s, stepmother testified that she had raised him from the time he was six years old until he went into the Navy in World War II; that he returned from the Navy about 1945 and had not lived with her since his return from the Navy; that she had not seen him for about a year and that he did not live at 2507 Haag Avenue on June 2, 1951, the time the summons was served. She further testified that she did not know where he was staying during the year 1951; that he sometimes stayed with her daughter who lived about three blocks from where she lived and that occasionally he would stay with the witness Viola Barnes. She further testified that he received his mail at her house at 2507 Haag Avenue, which was also the home of Harold Barnes, Sr.; that he had been using this address as his residence address ever since she had owned the place and that if mail would come for

him now it would come there. She further testified "he has no home, he just boards here and there;" that he always used her home as his permanent address. She also testified that he had not received any of his mail since the summons was served; that he had received mail but had not been around to see it.

Appellee's stepsister, Mildred Bays, testified that Harold Barnes, Jr., had lived with her from, time to time; that he just boarded with them and slept in. the front room; that he did not get any mail at her address; that he had been married before, but he and his wife were divorced. She further testified that he left town several times to go to different parts of the country; that he drove a truck for a good while; that he was on the road from here to Chicago and from Chicago to Nashville; that he separated from his wife the last of 1945 or the middle of 1946. She further testified that during the times he lived with her he received his mail at 2507 Haag Avenue. She testified that he disappeared in 1951 between the 22nd and 24th of February.

The plea in abatement and the evidence in support thereof is defective in that such plea in abatement and the evidence in support thereof does not show where the actual residence of the defendant, Harold Barnes, Jr., was at the date of the service of summons. A much stronger case is made in the instant case on this particular point than the situation presented in the case of *Greis, Trustee* v. *Herbert* (1940), 108 Ind. App. 369, 27 N. E. 2d 924, in which this court stated:

> "To support the plea, the evidence should have disclosed with the same degree of particularity and certainty as the pleading the place of his 'usual place of residence,' so as to permit jurisdiction over his person to be acquired by service upon him . . . at his usual place of residence, . . ."

While *Greis, Trustee* v. *Herbert, supra,* involved a situation where the defendant claimed to be a resident of another county other than the county in which ▮▮ service of process was had, there is no difference in principle in the case of a person who claims to be a non-resident of the state. As appellee concedes in his brief in the instant case, "no witness knew where the defendant lived" nor did the defendant establish where he lived by his plea in abatement or by making proof of his actual residence. A plea in abatement is a dilatory plea. It is regarded with disfavor in the law as having the effect of excluding the truth. *Grider* v. *Scharf* (1947), 225 Ind. 251, 73 N. E. 2d 75, 73 N. E. 2d 749; *Dodgem Corp.* v. *D. D. Murphy Shows, Inc.* (1933), 96 Ind. App. 325, 183 N. E. 699, 185 N. E. 169. As it was stated in *Grider* v. *Scharf, supra:*

> "A plea in abatement must not only point out plaintiff's error, but must show him how it may be corrected, and furnish him with materials for avoiding the same mistake again, or, in technical language, it must give the plaintiff a better writ. Citing *Needham* v. *Wright* (1894), 140 Ind. 190, at page 194; 39 N. E. 510; 41 Am. Jur. p. 377, §127; 49 C. J. 237; Watson's Works Practice, Vol. 1, §558."

To permit a defendant to appear specially and file a plea in abatement and deny that service was had at his last and usual place of residence, without disclosing in such plea the place of his actual residence and evidence in support thereof, would permit a subterfuge which is not justified in reason or in law. The appellee's plea in abatement was insufficient, and the evidence in support thereof was insufficient to justify the decision of the trial court in sustaining the plea in abatement.

Appellees assert that the case of *Roth* v. *Bonar* (1952), 122 Ind. App. 174, 101 N. E. 2d 828, sustains the decision of the trial court. While it is well settled as stated in this case that "the return of the sheriff is not conclusive in this case as to matters which are not presumptively within the sheriff's personal knowledge, including the last or usual place of residence of appellant," the facts of the Roth case are entirely different than the facts in the case at bar. The actual residence of the defendant in that case was established and it was shown where the defendant lived. The circumstances shown in *Greis, Trustee* v. *Herbert, supra,* are more applicable to the question presented here.

Furthermore, in considering the legal question as to defendant's last and usual place of residence, it is elementary that, while in effecting a domicil in the initiative and in establishing a permanent residence, the elements of bodily presence and the bona fide intention of remaining a resident of such place is essential. However, bodily presence is not completely controlling in determining residence once established. *State* v. *Savre* (1905), 129 Iowa 122, 105 N. W. 387, 3 L. R. A. (N. S.) 455, 133 Am. St. Rep. 452; also see annotation 26 A. L. R. 188; *State v. Allen* (1900), 48 W. Va. 154, 35 S. E. 990, 50 L. R. A. 284, 86 Am. St. Rep. 29. In order to maintain and retain a permanent residence at a fixed situs it is not necessary that a party maintain a continuous personal presence in such location. As this court stated in *Brownlee* v. *Duguid* (1931), 93 Ind. App. 266, 178 N. E. 174:

> "Undoubtedly, a man may temporarily leave his home for a longer or shorter time, and maintain his household elsewhere, for purposes of business

or pleasure, and so long as he considers his absence as merely temporary, and he has a *bona fide* intent to return to his former home, he does not lose his residence there."

An examination of the testimony of the witnesses in this case and the statements of appellee's stepmother that "he has no home, he just boards here and there," and that he always used her home as his permanent address, considered in connection with the facts and circumstances of his life with her, and the evasive answers of the witnesses, and the failure of the defendant himself in his plea in abatement to set forth his actual residence and in support of such plea to offer any evidence showing that he had any different place of residence at the time the summons was served, leads inescapably to the single reasonable conclusion that his permanent residence and his last and usual place of residence was in Vanderburgh County, Indiana, at his stepmother's residence.

The decision of the court below in sustaining the appellee Harold Barnes, Jr.'s plea in abatement was not sustained by sufficient evidence and was contrary to law.

Judgment reversed with instructions to overrule the defendant Harold Barnes, Jr.'s, plea in abatement.

NOTE.—Reported in 112 N. E. 2d 881.