HENDRY, Judge.
Appellant, Herman Fiedelbaum,[1] by this interlocutory appeal, seeks to reverse an order of the trial court denying his motion to dismiss for lack of jurisdiction.
The main question for determination is whether the appellant was subject to substituted service of process, under § 47.16, Florida Statutes, F.S.A.
Appellant contends .that the trial court had before it only appellee’s unverified complaint and appellant’s sworn statements in support of the motion to dismiss, and based on this evidence the court could not have found that appellant was doing business in Florida. We can not agree.
Our review of the record convinces us that the facts shown are sufficient to meet the requirements of § 47.16.[2]
Appellant further contends that the failure of appellee to file the return receipt nullifies the service by publication. We find this contention to be without merit, inasmuch as, there was substantial compliance with the statute (47.30 Fla.Stat., F.S.A.). It is evident that notice to the defendant, as required by the statute, was accomplished.[3]
For the reasons stated, we hold that the Circuit Court of Dade County acquired jurisdiction of the defendant by the service of process obtained under the statutes.
The order appealed is affirmed.
Affirmed.

. Irwin S. Rever, the other appellant was dismissed by stipulation.

. Strasser Construction Corp. v. Linn, Fla.1957, 97 So.2d 458; Woodring v. Crown Engineering Co., Ela.App.1962, 141 So.2d 816; Matthews v. Matthews, Fla.App.1960, 122 So.2d 571.

. Cherry v. Heffernan, 132 Fla. 386, 182 So. 427.