EUGENE E. FLESCH, ET AL. *v.* CIRCLE CITY EXCAVATING & RENTAL CORP. ET AL.

[No. 20,136. Filed October 21, 1965.]

*Hughes & Hughes,* of New Castle, and *Donald L. Beckerich,* and *William A. Waddick,* and *Kunz & Kunz* of counsel, of Indianapolis, for appellants.

*Lawrence H. Hinds,* of Indianapolis, for appellees.

WICKENS, J.—Appellant sued to foreclose a mechanic's lien. This was for repairs made to a motor scraper at the request of appellee-defendant, Circle City Excavating & Rental Corp. The latter was the equitable owner of the equipment. It was then purchasing the same from another appellee, Indiana Shovel & Supply Company, Inc. At the time the complaint was filed the scraper was alleged to be leased by and in the possession of the third appellee, Maurice Broad-

street, in Putnam County, Indiana, where the action was commenced.

A plea in abatement was filed to the complaint. It was answered and a trial of that issue was had and is the basis of this appeal. The trial court, after hearing evidence, entered judgment sustaining the answer and plea in abatement.

All questions in this case relate to venue of the action. The verified plea in abatement was in two paragraphs. The first paragraph presented the fact that another action was pending in the same court and in which the complaint and parties were identical. The second paragraph alleged that the two corporate appellees were residents of and were located in Marion County, Indiana and that the individual appellee, Broadstreet, was neither agent nor employee of either corporation. According to the second paragraph the title and the situs of such title, to the equipment involved, was in Marion County and was not in Putnam County. Also it averred that the equipment was not in Putnam County on March 7, 1963. All material facts were denied by appellant.

Appellant says the only question involved is whether the venue of an action to foreclose a mechanic's lien on equipment is in the county where the equipment is located. Appellees contend there is also involved additional questions of abatement because there were two actions pending at the same time, and also a question of fact as to whether the equipment was actually in Putnam County when the action commenced.

In connection with the pendency of two actions, appellant insists that the record shows a total failure to present any evidence. It was alleged in the verified plea that an identical action involving the same parties was commenced prior to the filing of this action and that same was still pending.

A copy of the complaint filed in the first suit was attached to and made a part of the plea. Under the issues the pleader assumed the burden of proof to establish such facts. There was no evidence introduced on this subject except the testimony of one witness. The complaint in the first action was not offered or admitted into evidence. The record of the court, showing filing or pendency, was not introduced. The only witness on this subject related merely that there "was a prior suit filed by the same parties." He gave no evidence and was not asked as to the action being identical nor as to it being still pending at the time of trial. The court was specifically requested to take judicial notice of certain matters, but not as to any affecting the prior action. On this issue we are unable to find any evidence or inference therefrom to sustain the court's finding. We are mindful of certain legal fundamentals which follow.

A trial of the facts under a plea in abatement is similar to any other factual determination. Since appellant denies each and every allegation in the answer in abatement, the burden was cast upon appellees to establish such answer by a preponderance of evidence. *Deep Vein Coal Co.* v. *Dowdle* (1941), 218 Ind. 495, 501, 33 N. E. 2d 981; *Piggly-Wiggly Stores* v. *Lowenstein* (1925), 197 Ind. 62, 67, 147 N. E. 771; *Greis, Trustee* v. *Herbert* (1940), 108 Ind. App. 369, 371, 27 N. E. 2d 924.

A plea in abatement must anticipate and negative all matter, which, if alleged as a defense, would defeat the plea; and, by the evidence supporting the plea, the pleader must sustain the burden of anticipating and negativing any matter which would be a defense.

"A plea in abatement is not a favorite of the law, and for this reason it must allege with greatest certainty in every particular every fact necessary to its sufficiency. . . .

"To support the plea, *the evidence should have disclosed with the same degree of particularity and certainty* as the pleading the place of his 'usual place of residence,' so as to permit jurisdiction over his person to be acquired by service upon him by leaving a true copy of the summons at his usual place of residence, as provided by statute." (Our emphasis)

*Greis, Trustee* v. *Herbert, supra,* page 372 of 108 Ind. App.

It is therefore held that there was a total absence of evidence to establish the first paragraph of appellees' answer and plea in abatement, and the decision of the trial court thereon was contrary to law.

The evidence, with respect to the second paragraph of the plea, indicated that appellant recorded its lien in Marion County, Indiana against Circle City Excavating & Rental Corp. and Indiana Shovel & Supply Company; that these two were Indiana corporations located in Marion County with no other address; that appellee Broadstreet was not employed as an agent, manager or in any manner connected with the two Marion County corporate appellees; that Indiana Shovel owned the motor scraper; and that it was leased to Maurice Broadstreet by a written lease introduced into evidence.

Such evidence included the testimony of officers of the corporate appellees. All of the facts set out in the second paragraph of answer were established except as to the location of the equipment. Relating to the second paragraph the court, on request and without objection, took judicial knowledge of interrogatories propounded by appellee, Broadstreet, which included the following question and answer:

"2. State whether or not on March 7, 1963 through March 9, 1963, you were using said motor scraper in Putnam County, and if so, state the location where said motor scraper was being used.

*"Answer to Interrogatory No. 2.* This motor scraper was in my possession on March 7, 1963, through March 9, 1963 on the Fox or York Property, Greencastle Township, Putnam County, Indiana. It was not being used and had not been since about December 25, 1962."

On the same issue, as to whether the property was physically present in Putnam County when the action was commenced, there was oral evidence by one of the corporate officers. Pertinent parts of that evidence are:

"Q. Counsel asked you a question regarding where was this equipment on March 7th, 1963, and in Rhetorical Paragraph Seven (7) of your Plea in Abatement you have stated that this equipment was not located in Putnam County at that time. Would you tell the Court from whence your information came for making this affidavit?

"A. Mr. Broadstreet, on March 7th, 1963, at his premises here in Greencastle, on the Indianapolis Road, stated to me that the equipment was not in this County.

"Q. Did he tell you where it was?

"A. He stated at the time it was in Crawfordsville."

We find no other evidence as to the location of the motor scraper.

The lien in question is founded on Acts 1949, ch. 189, §§ 1-6, p. 610, §§ 43-807-43-812 Burns' 1952 Replacement. The foreclosure section 43-811 provides:

"Foreclosure.—Each such lien may be foreclosed, as equitable liens are now foreclosed, in the circuit or superior court of the county where such motor vehicle, airplane, or unit of construction machinery and equipment or farm machinery is located. The complaint for such foreclosure shall be filed within one [1] year from the time the notice of intention to hold the lien is recorded. [Acts 1949, ch. 189, § 5, p. 610.]"

An action for the foreclosure of a mechanic's lien is of an equitable character and in the nature of a proceeding in rem. *Mann et al.* v. *Schnarr* (1950), 228 Ind. 654, 662, 95 N. E. 2d 138; *Ward* v. *Yarnelle* (1910), 173 Ind. 535, 545, 91 N. E. 7.

Since this is an *in rem* action, the reasoning behind the statute as to venue becomes clear. The action is in fact a proceeding against the motor scraper. An action in rem in a proceeding that takes no cognizance of the owner but determines the right in specific property against all of the world, equally binding on everyone.

1 Am. Jur. 2d, Actions, §40.

The General Assembly intended the plain meaning of its words when it used the phrase ". . . the county where such . . . . equipment . . . is located."

As to the fact, raised by appellees, that no relief was sought from Broadstreet, we consider this of no concern in an action in rem. Where he is alleged to be in possession of the item involved in an action in rem he is a proper party.

We hold that venue of the action was in the county where the equipment was located when the action was commenced.

This brings us to the question of whether the evidence or inferences therefrom support the finding of the trial court, assuming as we must that the trial court did find the vehicle was not located in Putnam County when this action was started. The evidence we have heretofore set out herein indicates that there was a conflict as to whether the vehicle was in Putnam County, Indiana on March 7, 1963. If that were the day the action "commenced" the judgment of the trial court should be affirmed because there is some evidence to support such finding. Here, however, the record shows the summons was not issued until March

8, 1963. The sheriff's return, also in the record, says that it came to hand March 8, 1963." It is abundantly established that a suit is not commenced until the summons is issued.

1 Lowe's Revision, Works' Indiana Practice, §11.2, pp. 295-296.

In that connection the answer to interrogatory No. 2 is the only evidence in the record as to where the property was when summons was issued.

We find the burden of proof here was on appellees to sustain the statement in their plea that the equipment was not in Putnam County when the action was commenced. There is a total absence of evidence to establish such statement. Of course, if the action to foreclose were being tried on its merits, the burden would be on the plaintiff-appellant to show that the property was in Putnam County on March 8, 1963.

Appellees call attention critically to the fact that the answers to the interrogatories were signed by their client, Maurice Broadstreet, before one of appellant's attorneys, who also prepared the answers. The record does not show that any objection was made to admission into evidence of the answers to the interrogatories when they were offered and admitted at the trial. There is, therefore, no question before this court as to the propriety of counsel's conduct nor is there any question as to the admissability of the interrogatories or answers.

This decision is not dependent upon the interrogatories, since the burden of establishing that the motor scraper was *not* in Putnam County was on appellees. Disregarding the interrogatories, we find no evidence as to where the equipment was on March 8, 1963. A similar situation is presented by appellees' complaint that appellant did not establish the dismissal of the first case. As we understand the issues on the plea

in abatement, all proof is required of the pleader. Such proof must anticipate and negative any defense which would defeat the pleader, as we have previously pointed out.

Having found that the trial court erred with respect to both paragraphs of the answers and plea in abatement, a new trial of the issues formed thereon is now ordered, not inconsistent with this opinion.

Reversed with instructions.

Prime, P. J., Carson and Faulconer, JJ. concur.

NOTE.—Reported in 210 N. E. 2d 865.