201 So.2d 781 (1967)
Rogelio A. FERNANDEZ, Appellant,
v.
Evert H. CHAMBERLAIN, Appellee.
No. 67-31.
District Court of Appeal of Florida. Second District.
August 4, 1967.
Rehearing Denied September 11, 1967.
*782 Mann, Harrison, Mann & Rowe, St. Petersburg, for appellant.
Tanney & Forde, Clearwater, for appellee.
SMITH, D.C., Associate Judge.
This is an interlocutory appeal by a defendant, from an order denying his motion to quash substituted service which had been effected by serving the Secretary of State on the basis that the defendant, a resident of Florida, was concealing his whereabouts.
The plaintiff on April 20, 1965, filed his complaint for damages which allegedly resulted from the defendant's negligent operation of motor vehicle in St. Johns County on September 12, 1963. Substituted service of process upon defendant, Rogelio A. Fernandez, was attempted by serving the Secretary of State and by mailing via certified mail with a return receipt requested a notice of such service and a copy of the process to such defendant. The return receipt was signed by "J.R. Fernandez." The receipt together with an affidavit of compliance was filed by the plaintiff's attorney. The defendant, Rogelio A. Fernandez, appeared specially and raised as his first defense insufficiency of service of process, along with other defenses in his answer. The plaintiff moved to strike defendant's first defense and the lower court denied said motion and quashed the service of process upon the defendant on September 9, 1965.
*783 Personal service of process upon such defendant was then attempted at his last known address, 2002 Florida Avenue, Tallahassee, Florida, by the Sheriff of Leon County, Florida. The Sheriff's original return states "Received this writ on the 20th day of Sept. A.D., 1965 and returned the same unexecuted as to Rogelio A. Fernandez (Not in this County. Unable to locate) the within named defendant, for the reason that after diligent search failed to find said defendant in Leon County, Florida, this, the 4th day of Oct., 1965."
The plaintiff on December 3, 1965, filed his amended complaint alleging that the defendant, Rogelio A. Fernandez, was on the 12th day of September, 1963, a resident of the State of Florida and at that time his address was 2002 Florida Avenue, Tallahassee, Florida, but subsequent to that time and before the filing of the complaint and the amended complaint, the defendant, Rogelio A. Fernandez, has become a non-resident of the State of Florida, or is a resident of the State of Florida who is now concealing his whereabouts, or on the 12th day of September, 1963, the defendant, Rogelio A. Fernandez, was a non-resident of the State of Florida. Further, that on the 20th day of September, 1965, an attempt was made to serve the summons and complaint on the defendant, Rogelio A. Fernandez, at this last known address at 2002 Florida Avenue, Tallahassee, Florida, and the original return from the Sheriff of Leon County, which is the county of the defendant's last known address, shows that the defendant, Rogelio A. Fernandez, is not in this county and he is unable to locate this defendant. The complaint, the summons at law and a photostated copy of the original return from the Sheriff of Leon County, were attached to and made a part of such amended complaint.
Service of process issued in connection with the amended complaint was made upon the defendant, Rogelio A. Fernandez, by serving the Secretary of State and by mailing via certified mail with return receipt requested, a notice of such service and a copy of the process to the defendant at his last known address. The certified letter sent to Rogelio A. Fernandez was returned marked "Refused." An affidavit of compliance, along with the letter marked "Refused," was filed by the attorney for the plaintiff. The defendant, appearing specially, moved to quash the service of process. The defendant filed an affidavit in support of his motion stating that the defendant, Rogelio A. Fernandez, has not resided in Tallahassee for several years and to affiant's best knowledge and belief he has been residing outside the United States. The deposition of J.R. Fernandez, the father of Rogelio A. Fernandez, was also filed in support of defendant's motion. J.R. Fernandez stated on his deposition that he did not know his son's present whereabouts and that the last communication received from his son was a postcard from Spain dated October 4, 1965. He stated that his son had not been in Tallahassee for more than a year.
On January 9, 1967, the court denied defendant's motion to quash and held that the defendant was a resident of the State of Florida as of the date of the accident but is concealing his whereabouts within the meaning of said statutes. Defendant then filed this interlocutory appeal assigning as error the court's rulings on his motion to quash.
The statutes involved are Sections 47.29 and 47.30 F.S.A. Section 47.29 provides for substitute service of process upon any non-resident of this State or any resident of this State who shall subsequently become a non-resident or shall conceal his whereabouts.
In Woodring v. Crown Engineering Co., Fla.App. 1962, 141 So.2d 816, 818, when this court had under consideration Section 47.16, F.S.A., which provides for service of process upon nonresidents engaging in business in this State, this court stated:
"In tracing the expansion of the doctrine enunciated in Pennoyer v. Neff, the Supreme Court of the United States, *784 speaking through Mr. Justice Black in McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 221, 78 S.Ct. 199, 200, 2 L.Ed.2d 223, had this to say:
`Since Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. But just where this line of limitation falls has been the subject of prolific controversy, particularly with respect to foreign corporations. In a continuing process of evolution this Court accepted and then abandoned "consent," "doing business," and "presence" as the standard for measuring the extent of state judicial power over such corporations. See Henderson, The Position of Foreign Corporations in American Constitutional Law, c. V. More recently in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, the Court decided that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice'" Id., 326 U.S. at 316, 66 S.Ct. at 158.
`Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.'"
In Cherry v. Heffernan, 1938, 132 Fla. 386, 182 So. 427, which involved service upon defendants pursuant to the sections of the statute under consideration, the Supreme Court of Florida stated:
"As to the service, chapter 17254, Acts 1935, provides for constructive or substituted service on non resident owners, drivers, operators, agents of them, or those permitting or having motor vehicles driven for or by them in the state of Florida. When such persons accept the privilege of the public highways of the state, said acceptance shall be equivalent to the appointment by him or them of the Secretary of State as their agent upon whom may be served all process in any action or proceeding against them growing out of any accident or collision in which they may be involved while operating their automobile on the public roads of this state.
* * * * * *
"The purpose of the act was to give the classes named therein notice of any action brought against them that they might submit themselves to the jurisdiction of the court and offer such defense as they may be advised."
One seeking to effect service under Section 47.29 has the burden of presenting facts which clearly justifies its applicability. Young Spring & Wire Corp. v. Smith, Florida Supreme Court, 1965, 176 So.2d 903, and cases cited. This burden is met if such facts appear from a consideration of the entire record.
*785 Our Supreme Court, in Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458, stated:
"We have also held that each case of this kind must be resolved on the basis of the facts revealed by the record in the particular case. While certain general principles may be said to prevail the application of these principles will be governed by the factual situation presented by a particular record. Mason v. Mason Products Company, Fla. 1953, 67 So.2d 762."
Practically all, if not all of our sister states, have statutes similar to Sections 47.29 and 47.30, supra. With a society as mobile as ours, when a non-resident motor vehicle owner or operator, or a resident owner or operator who subsequently becomes a non-resident or conceals his whereabouts, accepts the privilege of the public highways of the state and is involved in an accident, he has a duty not to conceal his whereabouts and to let his whereabouts be known so that any one involved in such accident and sustaining injury or damage may come into court and seek redress. If such an owner or operator conceals his whereabouts and makes it impossible for an aggrieved party to serve him with notice by registered mail as provided by the statute and such aggrieved party shows that he has used due diligence in endeavoring to make service, this will not prevent the Court from obtaining jurisdiction over such owner or operator.
A failure to file a return receipt within itself does not nullify service, if there is substantial compliance with the statute. Fiedelbaum v. Lapidus, Fla.App. 1964, 163 So.2d 334.
In Steedman v. Polero, Fla.App. 1965, 181 So.2d 202, it appears from the order under review:
"This Cause arises out of an automobile accident and is before the Court upon Defendant's Motion to Quash Substituted Service under Section 47.29. Florida Statutes [F.S.A.], upon Defendant-motorist as a resident of the State of Florida who is concealing his whereabouts. The affidavits and return of service nulla bona afford sufficient proof that defendant is concealing his whereabouts to avoid service of process and the question here is whether there applies in such case, that part of the proviso in Section 47.30, Florida Statutes, with reference to method of service requiring not only service upon the Secretary of State but the mailing of notice of such service and a copy of the process by registered mail to the defendant, and the defendant's return receipt therefor and affidavit of plaintiff of compliance therewith being filed in the cause (or service by an officer duly qualified). There was no mailing, return receipt or such affidavit here."
and the Appellate Court held:
"In challenging the service based on his alleged concealment of himself, the defendant relied on the contention that the information upon which plaintiff acted was insufficient to establish concealment as a basis for substituted service. The trial judge found to the contrary, and his order comes to us with a presumption of correctness which the appellant has not dispelled. In the trial court the defendant made no affirmative showing that he had not concealed his whereabouts, and failed to disclose where he could be found and served. See Gaddis v. Barnes, 123 Ind. App. 624, 112 N.E.2d 881, 883-884; 71 C.J.S. Pleading § 135c."
In the case now under consideration for determination, the record substantiates the trial judge's finding that within the meaning of the Statutes 47.29 and 47.30, the defendant, Rogelio A. Fernandez, was a resident of the State of Florida as of the date of the accident but is concealing his whereabouts. The record also reveals substantial compliance with the provisions of Section 47.30, except that the defendant's return receipt was not filed. *786 When a resident conceals his whereabouts, obviously it is impossible to serve him by mail or otherwise. When a defendant makes it impossible for the plaintiff to serve him by mail or otherwise, the failure to file defendant's return receipt does not prevent the Court from acquiring jurisdiction.
The order appealed is affirmed.
ALLEN, Acting C.J., and SHANNON, J., concur.