# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-1845
Lower Tribunal No. 21-21266

————————

## Maria Colmenares Pacheco,
Appellant,

vs.

## Aleksander Samardjich,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Boyd & Jenerette, P.A., Kansas R. Gooden, and Kevin D. Franz (Boca Raton), for appellant.

Kaplan Law Group, P.A., Christina J. Hudson, and Michael D. Kaplan (Hollywood), for appellee.

Before LOGUE, MILLER, and GORDO, JJ.

PER CURIAM.

Affirmed.  <u>See</u> Hague Convention, art. 1, 20 U.S.T. 361 (1969) ("This Convention shall not apply where the address of the person to be served with the document is not known."); <u>Delancy v. Tobias</u>, 26 So. 3d 77, 79–80 (Fla. 3d DCA 2010) (finding plaintiff demonstrated requisite diligence in attempting to locate defendant where affidavit of diligent search delineated substantial "honest and conscientious" efforts to locate defendant); <u>Fernandez v. Chamberlain</u>, 201 So. 2d 781, 785 (Fla. 2d DCA 1967) ("[W]hen a . . . resident [motor vehicle] owner . . . who subsequently becomes a non-resident[,] . . . accepts the privilege of the public highways of the state and is involved in an accident, he [or she] has a duty not to conceal his [or her] whereabouts and to let his [or her] whereabouts be known so that any one [sic] involved in such accident and sustaining injury or damage may come into court and seek redress.  If such an owner . . . conceals his [or her] whereabouts and makes it impossible for an aggrieved party to serve him [or her] with notice by registered mail as provided by the statute and such aggrieved party shows that he has used due diligence in endeavoring to make service, this will not prevent the [c]ourt from obtaining jurisdiction over such owner . . . .").