KOKOMO MEDICAL ARTS BUILDING PARTNERSHIP and Pioneer Savings and Loan Association, Appellants (Defendants Below),

v.

WILLIAM HUTCHENS AND ASSOCIATES, Appellee (Plaintiff Below).

No. 34A04–9004–CV–159.

Court of Appeals of Indiana, Fourth District.

Feb. 25, 1991.

*gence. Id.* at 241.

Joseph A. Colussi, Madison, for appellants.

Robert W. Schatz, Bosley & Schatz, Marion, for appellee.

CONOVER, Judge.

Defendants–Appellants Kokomo Medical Arts Building Partnership and Pioneer Savings and Loan Association (collectively, Kokomo Medical) appeal the trial court's judgment in favor of Plaintiff–Appellee William Hutchens and Associates (Hutchens).

We affirm in part and reverse in part.

Kokomo Medical raises the following restated issues:

1. whether Hutchens' claim was barred by *res judicata*, and

2. whether the trial court erred in awarding attorney fees.

On February 5, 1988, Hutchens filed a complaint to foreclose a mechanic's lien because Kokomo Medical allegedly failed to pay for services rendered pursuant to contract. Attached to the complaint was a document entitled "Notice of Intention to Hold Mechanic's Lien." Kokomo Medical filed a motion to dismiss the complaint pursuant to Ind.Trial Rule 12(B)(6), contending the "Notice of Intention to Hold Mechanic's Lien" was defective and the complaint therefore failed to state a claim upon which relief could be granted.

On August 9, 1988, the trial court made a docket entry stating "[t]he Court having considered Defendant's Motion for Dismissal, Court now finds that the Notice of Intent to Hold Mechanic's Lien is not adequate and the Motion to Dismiss is now granted. Costs to Plaintiff." (R. 34). On December 20, 1988, Hutchens filed a second complaint for breach of contract, demanding payment for services rendered, along with consequential damages and costs. Kokomo Medical responded to the complaint with a motion for dismissal or summary judgment on the basis of *res judicata*. The court denied the motion, and after trial in which Kokomo Medical failed to appear, the court entered judg-

ment in favor of Hutchens for damages for breach of contract, and for attorney fees.

■ Kokomo Medical first contends the trial court erred in failing to find the claim filed by Hutchens on December 20, 1988, was barred by *res judicata.* Kokomo Medical relies on *Thibodeau v. Foremost Insurance Co.* (N.D.Ind.1985), 605 F.Supp. 653, 659, for the proposition that a plaintiff cannot split a cause of action for breach of contract where identical evidence supports both causes of action.

■ Kokomo Medical errs in considering Hutchens' initial complaint a breach of contract cause of action. A mechanic's lien is not a creature of contract, but of the law. *Davis & Rankin Building & Manufacturing Co. v. Vice* (1896), 15 Ind.App. 117, 43 N.E. 889, 890. Even though a mechanic's lien must arise out of a contract, the right to the lien is *in rem,* and in some instances a lien may be declared and foreclosed without the recovery of a personal judgment. *Mann v. Schnarr* (1950), 228 Ind. 654, 95 N.E.2d 138, 141. On the other hand, a claim for damages for breach of contract is *in personam. Arsenal Savings Association v. Westfield Lighting Co., Inc.* (1984), Ind.App., 471 N.E.2d 322, 326 (holding an amended judgment was not a valid *nunc pro tunc* correction when the original judgment was *in personam* and the amended judgment was *in rem* because the judgments were different in substance). Thus, the two causes of action are fundamentally different, and resolution of Hutchens' first action did not bar him from bringing the second action.

Furthermore, even assuming the two complaints stated identical causes of action, Hutchens' second action was not barred. The trial court rendered no final judgment in the first action. In response to Kokomo Medical's initial motion to dismiss, the trial court made a docket entry finding Hutchens' complaint did not state a claim upon which relief could be granted. This ruling was an interlocutory order which could be "amended once as a matter of right pursuant to Rule 15(A) within ten days after service of notice of the court's order sustaining the motion and thereafter with per-mission of the court pursuant to such rule." Ind.Trial Rule 12(B). At no time subsequent to the trial court's docket entry did the court enter a final judgment on Hutchens' claim. Instead, it permitted Hutchens to file the second complaint. If we accept Kokomo Medical's view that the second complaint was the same cause of action, then the second complaint was, in effect, an amendment to the original.

Kokomo Medical apparently assumes the court's interlocutory order automatically became a final judgment after the passage of ten days. However, this assumption is incorrect. It ignores the clear language of T.R. 12(B) referring to amendment, at the court's discretion, after the ten day period.

■ Central to a finding of claim preclusion under the doctrine of *res judicata* is the existence of a prior judgment. The basic elements of the claim preclusion theory of *res judicata* are: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was or might have been determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit or their privies; and (4) the judgment in the former suit must have been rendered on the merits. *Hoffman v. Dunn* (1986), Ind.App., 496 N.E.2d 818, 820. These elements, which must all be present before claim preclusion applies, all presuppose a former judgment.

Similarly, the cases relied upon by Kokomo Medical presuppose the existence of a final judgment. *Ragnar Bensson, Inc. v. Wm. P. Jungclaus Co., Inc.* (1976), Ind. App., 352 N.E.2d 817, which Kokomo Medical relies upon for the proposition that a decision upon a T.R. 12(B)(6) motion is a decision on the merits, is based on an understanding that the decision was entered by the trial court as a final judgment. *Thibodeau, supra,* likewise presupposes the prior entry of judgment.

■ Generally, amendments to pleadings are within the trial court's discretion and are reviewable for abuse of discretion. *Barrow v. Atco Manufacturing Co.* (1988),

Ind.App., 524 N.E.2d 1313, 1315. It is the appellant's duty to show reversible error. *Id.* Kokomo Medical has not shown any harm or prejudice which would constitute reversible error. Any harm caused by the passage of time between the original order and the time of the second complaint was occasioned, at least in part, by Kokomo Medical's erroneous belief that a final judgment had been previously entered.

Kokomo Medical next contends the trial court erred in awarding attorney fees to Hutchens. Hutchens' only contention in his appellee's brief is that such an award is within the trial court's discretion because the complaint prays for consequential damages. Hutchens cites no cases nor makes any argument on the issue.

 The general rule in Indiana is that attorney fees are not recoverable as damages in the absence of a statute or a contract stipulating the recovery of the same. *Perry County Council v. State ex. rel. Baertich* (1973), 157 Ind.App. 586, 301 N.E.2d 219, 221. Since Hutchens cites to no contract provision or applicable statute authorizing the attorney fee award, and our examination of the record and existing law reveals none, we must find the trial court in error.

We affirm on issue one and reverse on issue two.

RATLIFF, C.J., and MILLER, P.J., concur.