NAJAM, Judge.
 

 STATEMENT OF THE CASE
 

 The question presented is whether a mechanic’s hen takes priority over a mortgage where the mortgage was executed before, but not recorded until after, the date when the mechanic’s lienholder began to furnish labor and materials. Greyhound Financial Corporation appeals from the entry of partial summary judgment for R.L.C., Inc. in R.L.C.’s action to foreclose on its mechanic’s Ken on property owned by Terre Haute, Brazil & Eastern Railroad. Greyhound claimed that its purchase money mortgage had priority over R.L.C.’s Ken. The trial court disagreed and entered partial summary judgment for R.L.C.
 

 We affirm.
 

 FACTS
 

 On October 9, 1987, the Railroad purchased from ConsoKdated Rail Corporation a rah line traversing Vigo, Clay and Putnam Counties. At the time of sale, the Railroad gave a note and mortgage to Greyhound to finance the transaction. The foUowing day, October 10, the Railroad signed a contract with R.L.C. for maintenance and repair of the rail line. R.L.C. commenced work on the rail line two days later, on October 12. Greyhound recorded its mortgage another three days later, on October 15, 1987.
 

 R.L.C. discontinued work under the contract with the Railroad on April 8, 1988, and filed a notice of intention to hold mechanic’s Ken in the Recorder’s Offices of Vigo, Clay and Putnam Counties on May 11, 12 and 13, 1988, respectively. R.L.C. subsequently filed a complaint against the Railroad to foreclose on its mechanic’s Ken and named Greyhound as a defendant.
 

 Greyhound and R.L.C. filed cross-motions for partial summary judgment, both asserting that their respective Kens had priority. The trial court found that R.L.C.’s mechanic’s Ken had priority over Greyhound’s purchase money mortgage and entered judgment accordingly. Greyhound appeals.
 

 DISCUSSION AND DECISION
 

 Standard of Review
 

 In reviewing the trial court’s ruling on a motion for summary judgment, this court appKes the same standard applicable in the trial court.
 
 Schrader v. Eli Lilly and Co.
 
 (1993), Ind.App., 621 N.E.2d 635, 638. Summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). Where the facts are not in dispute, the propriety of summary judgment becomes solely a question of law for the court.
 
 Wolf v. Kajima Inti, Inc.
 
 (1993), Ind.App., 621 N.E.2d 1128, 1130,
 
 adopted
 
 (1994), Ind., 629 N.E.2d 1237. However, if any doubts about the existence of a factual issue remain, those doubts should be resolved against the mov-ant, with aH facts and reasonable inferences from the facts construed in favor of the nonmovant.
 
 Schrader,
 
 621 N.E.2d at 638.
 

 Priority
 

 This appeal turns on the language of our mechanic’s Ken priority statute:
 

 The recorder
 
 shall record the notice,
 
 when presented, in the misceKaneous record book, for which the recorder shall charge a fee in accordance with IC 36-2-7-10.
 
 All
 
 
 *1323
 

 liens so created
 
 shall relate to the time when the mechanic or other person began to perform the labor or furnish the materials or machinery, and shall have priority over all liens
 
 suffered or created thereafter,
 
 except the hens of other mechanics or ma-terialmen, as to which there shah be no priority.
 

 IND.CODE § 32-8-3-5 (emphases added). Greyhound and R.L.C. disagree on the meaning of this statute and, in particular, on the meaning of the phrase “shall have priority over ah hens suffered or created thereafter.” Greyhound asserts that “suffered or created” means the date when the Railroad gave Greyhound a mortgage and that under the statute the hen of a mortgage for priority purposes is created when the mortgage is executed, not when it is filed or recorded. Thus, Greyhound contends that its mortgage has priority because it was executed three days before R.L.C. began to perform labor and furnish materials on the property.
 

 However, according to R.L.C., we must consider the purpose of both the mechanic’s hen priority statute and the mortgage priority statute, Indiana Code § 32-1-2-16, which provides:
 

 Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three (3) years shall be recorded in the recorder’s office of the county where such lands shah be situated; and every mortgage or lease
 
 shall take priority according to the time of the filing there-
 
 of_ (emphasis added).
 

 R.L.C. argues that because both statutes “speak in terms of priorities,” the term “created” in the mechanic’s hen statute must mean the “act of recording,” not merely the act of executing a mortgage.
 
 See
 
 Brief of AppeUee at 8-9. Thus, R.L.C. maintains that its mechanic’s hen has priority because the hen relates back to the date R.L.C. first furnished labor and materials and because the effective date of its hen for priority purposes was three days before Greyhound recorded its mortgage.
 

 Our foremost objective in construing a statute is to determine and to give effect to the intent of the legislature.
 
 Spaulding v. International Bakers Servs., lnc.
 
 (1990), Ind., 550 N.E.2d 307, 309. Undefined words and phrases in a statute must be given their plain, ordinary and usual meaning, although technical words and phrases having a peculiar and appropriate meaning in law shah be understood according to their technical import.
 
 See
 
 IND.CODE § 1-l^á-1(1). In statutory interpretation, the reviewing court must examine the grammatical structure of the clause or sentence in issue and the structure of the statute as a whole.
 
 Spangler v. State
 
 (1993), Ind., 607 N.E.2d 720, 723;
 
 White v. Livengood
 
 (1979), 181 Ind.App. 56, 59, 390 N.E.2d 696, 698. Likewise, statutes relating to the same general subject matter are in pari materia and should be construed consistently and harmoniously, rather than in a manner which renders them conflicting.
 
 Schwartz v. Castleton Christian Church, Inc.
 
 (1992), Ind.App., 594 N.E.2d 473, 476,
 
 trans, denied; Darlage v. Drummond
 
 (1991), Ind.App., 576 N.E.2d 1303, 1307.
 

 Here, the only reasonable construction of the term “created” as used in the mechanic’s lien priority statute is that the term includes the act of recording the hen notice. It follows then that the next reference in the statute to a mechanic’s hen’s priority over ah hens “created thereafter” also means those hens recorded after a mechanic’s hen claimant began to perform the labor or furnish the materials or machinery. Otherwise, the word “created” would have two meanings within the same paragraph.
 

 In construing the term “created” as used in the statute, we must also consider the manner in which a vahd mechanic’s hen is acquired. Before notice of a mechanic’s hen can be recorded, the hen claimant must perform labor or furnish materials or machinery on the property. The hen claim rests upon this factual predicate, but an enforceable hen is not created until a proper notice has been made and executed under oath and the notice has been recorded.
 
 See
 
 IND.CODE § 32-8-3-3. Before a proper notice has been recorded, only a latent, unperfected mechanic’s hen exists. When the notice is recorded, the hen is perfected and its priority is determined by the date the hen claimant began work on the property.
 
 See
 
 IND.CODE
 
 *1324
 
 § 32-8-3-5 (a mechanic’s lien’s priority “shall relate to the time when the mechanic or other person began to perform the labor or furnish the materials or machinery”). Recording the notice of the mechanic’s lien does not, in itself, establish the effective date of the lien for priority purposes. Rather, recording the notice merely perfects the mechanic’s lien claim against the property and triggers the relation back provision of Indiana Code § 32-8-3-5. Thus, in the mechanic’s lien priority statute the legislature chose the term “created” rather than “recorded” to describe the entire process by which a mechanic’s lien’s priority is determined, a process which concludes when the notice is recorded.
 

 We cannot agree with Greyhound’s contention that the term “created” means executed and does not necessarily include the act of filing or recording the lien. Neither the language of the mechanic’s lien priority statute nor the mortgage priority statute relieves Greyhound, as a mortgagee, of the statutory requirement that its mortgage be filed to establish its priority.
 
 See
 
 IND.CODE § 32-1-2-16. The statutes cannot reasonably be construed to mean that the priority of a mortgage in relation to a mechanic’s lien is determined from the date the mortgage is executed rather than from the date it is filed or recorded.
 

 Therefore, considering the mechanic’s lien and general mortgage priority statutes together, the date on which a mortgage is recorded is dispositive for determining its priority with respect to a mechanic’s lien. Both statutes address the same subject: the priority of liens on real property. These statutes are in pari materia and must be read consistently and harmoniously, not in the manner advocated by Greyhound, which would render them in conflict.
 

 We are unpersuaded by Greyhound’s related argument that its mortgage has priority because the Railroad’s property “had been already charged with the lien” of its purchase money mortgage when R.L.C.’s mechanic’s lien arose.
 
 [1]
 

 See
 
 Brief of Appellant at 12. When the mortgage was executed, the property was charged with the lien of the mortgage and the mortgage was enforceable, but only as between the mortgagor and the mortgagee.
 
 Kirkpatrick v. Caldwell’s Adm’r
 
 (1869), 32 Ind. 299, 300;
 
 Perdue v. Aldridge
 
 (1862), 19 Ind. 290, 291;
 
 Petz v. Estate of Petz
 
 (1984), Ind.App., 467 N.E.2d 780, 782. However, by its express language, the mortgage priority statute was intended to establish a mortgage lien’s priority vis-avis other liens “according to the time of filing thereof.”
 
 See
 
 I.C. § 32-1-2-16. R.L.C. first furnished labor and materials for the Railroad’s property before Greyhound recorded its mortgage. Thus, Greyhound’s mortgage was an intervening mortgage subject to R.L.C.’s subsequently perfected mechanic’s lien claim.
 
 [2]
 

 See
 
 20 I.L.E.
 
 Mortgages
 
 § 110 (1959).
 

 We conclude that a properly recorded and perfected mechanic’s lien takes priority over a mortgage which is executed before labor or materials are first furnished for the property but recorded after labor or materials are first furnished.
 
 See Jenckes v. Jenckes
 
 (1896), 145 Ind. 624, 630, 44 N.E. 632, 634 (properly perfected mechanic’s lien would have priority over mortgage where labor and materials were furnished during period in which mortgage was executed but not recorded);
 
 cf. Zehner v. Johnston
 
 (1899), 22 Ind.App. 452, 458-59, 53 N.E. 1080, 1082
 
 *1325
 
 (mortgage executed and recorded before work was done and materials furnished has priority over mechanic’s lien). Here, the facts are not in dispute. From October 12, 1987, until April 8, 1988, R.L.C. furnished labor, equipment and materials for the repair and maintenance of property owned by the Railroad. On May 11, 12 and 13, 1988, R.L.C. filed a sworn statement and notice of its intention to hold a mechanic’s hen on the Railroad’s property. R.L.C. therefore perfected its mechanic’s hen claim against the property and acquired the hen as of October 12, 1987, the date it began furnishing labor and materials.
 
 See
 
 IND.CODE §§ 32-8-3-5, -12 and -13.
 

 On October 9, 1987, the Railroad granted Greyhound a mortgage on the property to secure Greyhound’s loan for the purchase price. However, Greyhound did not record the mortgage until October 15, 1987, three days after R.L.C. commenced work on the Railroad’s property. Accordingly, we hold that R.L.C.’s mechanic’s hen for labor and materials furnished to the Railroad’s property has priority over Greyhound’s mortgage recorded after R.L.C. began furnishing labor and materials. We find no error in the trial court’s entry of partial summary judgment for R.L.C.
 
 [3]
 

 The judgment is affirmed.
 

 ROBERTSON and FRIEDLANDER, JJ., concur.
 

 [1]
 

 . Greyhound places great emphasis on the fact that its mortgage is a purchase money mortgage.
 
 See
 
 IND.CODE § 32-8-11-4. However, Greyhound’s reliance on the purchase money mortgage statute is misplaced. That statute does not grant a purchase money mortgage priority over all other liens but only grants a purchase money mortgagee preference over a prior judgment against the purchaser.
 
 See id.
 
 A mechanic's lien is a lien against real property, inherently in rem; it is not an in personam judgment against the purchaser.
 
 See Kokomo Medical Arts Bldg. Partnership v. William Hutchens and Assocs.
 
 (1991), Ind.App., 566 N.E.2d 1093, 1095;
 
 Flesch v. Circle City Excavating & Rental Corp.
 
 (1965), 137 Ind.App. 695, 700, 210 N.E.2d 865, 868. Greyhound’s status as a purchase money mortgagee does not aid Greyhound in this priority dispute.
 

 [2]
 

 . As used here, the term "intervening mortgage" means a mortgage recorded after labor and materials are first furnished and before the notice of intent to hold a mechanic's lien for such labor and materials has been recorded.
 

 [3]
 

 . Greyhound also attempts to argue for the first time on appeal that R.L.C. had “implied actual notice” of its mortgage when R.L.C. contracted with the Railroad for repair of the rail line and, thus, R.L.C.'s lien is junior to Greyhound's prior executed mortgage. Greyhound did not designate any evidence in the trial court on the notice issue. Thus, on two grounds, Greyhound has waived appellate review of this issue.
 
 See Davidson v. Cincinnati Ins. Co.
 
 (1991), Ind.App., 572 N.E.2d 502, 505,
 
 trans. denied
 
 (party waives issue on appeal not raised in trial court); Ind.Trial Rule 56(H) (summary judgment will not be reversed for genuine issue of material fact unless evidence supporting issue of fact is specifically designated to trial court).