Dan EYSTER, d/b/a Eyster Excavating, Klink Trucking, Inc., Appellants/Defendants,

Richard Klink, d/b/a Richard Klink Sand & Gravel, Appellant/Plaintiff,

v.

S.A. BIRNBAUM CONTRACTING, INC., Angola Land Company, Dirienzo Development Corporation, Dirienzo Land Company, Henry Dirienzo & Sons, Inc., Appellees/Defendants.

No. 76A05–9504–CV–131.

Court of Appeals of Indiana.

March 6, 1996.

Rehearing Denied April 29, 1996.

Thomas E. Wilson, Angola, for Richard Klink.

Craig T. Benson, Angola, for Klink Trucking, Inc.

Latriealle Wheat, Angola, for appellees.

OPINION

DARDEN, Judge.

*STATEMENT OF THE CASE*

Dan Eyster, d/b/a Eyster Excavating (Eyster), Klink Trucking, Inc., (Klink Trucking),

and Richard Klink, d/b/a Richard Klink Sand and Gravel (Klink), (collectively "appellants"), appeal the trial court's grant of partial summary judgment in favor of Angola Land Company (ALC). We reverse.

## FACTS

ALC, an Ohio corporation which owned land in Steuben County, Indiana, hired Henry DiRienzo and Sons, Inc., (HDS) to construct a shopping center on the Steuben County property. On December 19, 1990, ALC and HDS signed a "Building, Construction, and No–Lien Agreement." HDS hired S.A. Birnbaum Contracting, Inc. (Birnbaum) to build the shopping center. Birnbaum hired various subcontractors to provide labor and materials. After some of the subcontractors had completed the work, several of them alleged that they had not been paid, and they filed notices of mechanic's liens with the Steuben County Recorder.[1]

On October 18, 1991, Klink filed a "Complaint Against Contractor, General Contractor and Owner to Foreclose Mechanic's Lien and Marshall Liens." (R. 15). The complaint's first count asked the court to order a money judgment against Birnbaum for labor and supplies, and the second count asked the court to foreclose the mechanic's lien which Klink had filed against the real estate. Klink's complaint named Birnbaum, ALC, DiRienzo Development Corporation, DiRienzo Land Company, Henry DiRienzo and Sons, Inc., (collectively "DiRienzos"), Indiana National Bank, mortgage holder, and the other subcontractors who had also filed notices of mechanic's liens. The defendants filed answers, several of which included counter and cross claims. After numerous motions had been filed, several of the parties defaulted, settled or were dismissed.

On May 18, 1992, Klink and Klink Trucking filed a summary judgment motion against ALC and DiRienzos alleging that the December 1990, no-lien agreement was superseded by a subsequent agreement. Eyster then filed a similar motion. On August 12, 1992, ALC filed a motion for partial summary judgment against appellants alleging that appellants' mechanic's liens were invalid and unenforceable because the liens lacked acknowledgments. On September 20, 1993, the trial court ‛1) denied appellants' summary judgment motions finding that there is a genuine issue of material fact as to whether the no-lien agreement was superseded by a subsequent agreement, and 2) denied ALC's partial summary judgment motion finding that "ALC['s] argument that the mechanic's liens of Plaintiff[s], Klink and Eyster are not effective against ALC for lack of an acknowledgment is unpersuasive." (R. 620).

On September 29, 1994, ALC filed a motion to reconsider, again arguing that appellants did not acquire enforceable mechanic's liens against ALC. In support of its motion, ALC directed the trial court to *Greyhound Financial Corp. v. R.L.C., Inc.* (1994), Ind. App., 637 N.E.2d 1325. The trial court granted ALC's motion to reconsider and entered partial summary judgment in favor of ALC and against appellants to the extent that the appellants were attempting to foreclose their mechanic's liens.[2] According to the trial court, because "Klink and Eyster did not complete the act of acknowledging their mechanic's liens ... their recording was not proper and no mechanic's liens were created." (R. 732).

## DECISION

Summary judgment is an appropriate disposition if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material facts and that the moving party is entitled to judgment as a matter of law. *Hermann v. Yater*

---

1. The filings were as follows:

| Filer | Date | Amount |
|---|---|---|
| Klink | 3–22–91 | $82,351.40 |
| Klink Trucking | 3–22–91 | $20,142.00 |
| Wilson Excavating | 3–22–91 | $ 3,370.00 |
| Eyster | 3–29–91 | $17,481.00 |
| John Day, Inc. | 4–05–91 | $ 450.00 |
| Robert Love Trucking | 4–11–91 | $ 819.00 |

2. Appellants filed a motion to reconsider which the trial court denied.

(1994), Ind.App., 631 N.E.2d 511, 513, *reh'g denied.* If the moving party meets these two requirements, the burden shifts to the non-movant to set forth specifically designated facts showing that there is a genuine issue for trial. T.R. 56(E); *Id.* On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Id.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.*

■ Eyster, Klink, and Klink Trucking argue that their mechanic's liens are valid because they followed the requirements of Ind. Code 32–8–3–3. Specifically, appellants argue that "[n]o requirement of acknowledgment is contained in [I.C. 32–8–3–3] and therefore, only a sworn statement is necessary for the 'filing' of a mechanic's lien." Appellant's Brief, p. 9. We agree.

Ind.Code 32–8–3 governs liens on real estate. I.C. 32–8–3–3 provides in pertinent part as follows:

(a) Any person who wishes to acquire a lien upon any property . . . shall file in the recorder's office of the county at any time within sixty (60) days after performing labor or furnishing materials or machinery . . . a sworn statement in duplicate of the person's intention to hold a lien upon the property for the amount of the claim. The statement must specifically set forth:

(1) The amount claimed;

(2) The name and address of the claimant and the name of the owner;

(3) The latest address of the owner as shown on the property tax records of the county; and

(4) The legal description, street and number, if any, of the lot or land on which the . . . buildings . . . or other structure may stand. . . .

■ "[W]hen a statute is clear and unambiguous on its face, this court need not, and indeed may not, interpret the statute. Instead we must hold the statute to its clear and plain meaning." *Miller v. Walker* (1994), Ind.App., 642 N.E.2d 1000, 1001–02 (citations omitted), *aff'd,* (1995), Ind., 655 N.E.2d 47. Further, I.C. 32–8–3 is in derogation of common law, and its provisions must be strictly construed. *Wavetek Indiana, Inc. v. K.H. Gatewood Steel Co., Inc.* (1984), Ind.App., 458 N.E.2d 265, 268.

■ The language of I.C. 32–8–3–3 is clear and unambiguous. A person who wishes to acquire a mechanic's lien must file a sworn statement which specifically sets forth the amount claimed, the name and address of the claimant, the name of the owner, the latest address of the owner as shown on the property tax records of the county, and the legal description of the land.

Here, Eyster's, Klink's and Klink Trucking's sworn statements specifically set forth the amounts claimed, the names and addresses of the claimants, the names of the owners, the latest address of the owner as shown on the county's property tax records, and the real estate's legal description.[3] Appellants clearly complied with I.C. 32–8–3–3, and their mechanic's liens were valid and enforceable.

■ Nevertheless, ALC attacks the jurats on appellants' sworn statements.[4] Specifically, ALC argues that because the jurats lack acknowledgments, the statements are insufficient to create mechanic's liens.[5] In support

---

3. Klink and Klink Trucking each filed an Allen County Bar Association "Sworn Statement of Intention to Hold Lien." The form was approved by the Indiana State Bar Association.

4. Klink's and Klink Trucking's jurats provide as follows:
   Subscribed and sworn to before me a notary public by [Richard Klink for Klink Sand and Gravel and Carol Klink for Klink Trucking] on this [date], witness my hand and notarial seal. (R. 537, 540). Both statements are signed and sealed by notary publics. Eyster's jurat provides as follows: "Sworn and subscribed to before me

on this [date]." (R. 544). Eyster's statement is signed and sealed by a deputy prosecutor.

5. ALC argues that sworn statements must include the word "acknowledgment." ALC refers us to I.C. 32–1–2–23 for "guidance:"
   The following or any other form substantially the same, shall be a good or sufficient form of acknowledgment of any deed or mortgage: Before me, E.F. [judge or justice, as the case may be] this . . . . . . day of . . . . . . . ., A.B. acknowledged the execution of the annexed deed, [or mortgage, as the case may be.]

of its argument, ALC directs us to Ind.Code 32–1–2–18 and *Greyhound Financial Corp. v. R.L.C., Inc.* (1994), Ind.App., 637 N.E.2d 1325.

First, I.C. 32–1–2–18 provides in pertinent part as follows:

> To entitle any conveyance, mortgage or instrument of writing to be recorded, it shall be acknowledged by the grantor, or proved before any judge, or clerk of a court of record, justice of the peace, auditor, recorder, notary public, or mayor of a city in this or any other state, or before any minister, charge d'affaires, or consul of the United States in any foreign country.

I.C. 32–1–2–18 concerns the "alienation of property" rather than mechanic's liens. Further, there is one reference in I.C. 32–8–3 to the acknowledgment requirement. I.C. 32–8–3–1, which concerns no-lien agreements, provides in pertinent part as follows:

> No provision ... in the contract of the owner and principal contractor that no lien shall attach to the real estate ... shall be valid ... unless the contract containing such provision ... shall be in writing, and shall contain specific reference, by legal description of the real estate to be improved and *shall be acknowledged as provided in case of deeds* and filed in the recorder's office....

If the legislature had intended to create an acknowledgment requirement for mechanic's liens, the legislature could have done so. The acknowledgment requirement found in I.C. 32–1–2–18 does not apply to mechanic's liens.

Next, in *Greyhound, supra,* we were asked to construe our mechanic's lien priority statute which provides in pertinent part as follows:

> The recorder shall record the notice, when presented, in the miscellaneous record book.... All liens so created shall relate to the time when the mechanic or other person began to perform the labor or furnish the materials or machinery, and shall have priority over all liens suffered or created thereafter....

Ind.Code 32–8–3–5. The question before us was whether a mechanic's lien took priority over a mortgage which was executed before, but not recorded until after, the date that the mechanic's lienholder began to furnish labor and materials. We determined that the "date on which a mortgage is recorded is dispositive for determining its priority with respect to a mechanic's lien." *Greyhound,* 637 N.E.2d at 1328. Therefore, *Greyhound* is not on point on the issue of whether a mechanic's lien requires an acknowledgment.

The appellants' sworn statements complied with I.C. 32–8–3–3 and, as such, were valid and enforceable. The trial court erred in granting ALC's motion for partial summary judgment.[6]

Reversed.

CHEZEM and RILEY, JJ., concur.

---

6. We note that ALC further asks us to determine whether "Angola Land Company's recorded No-Lien Agreement prevente[d] the attachment of mechanic's liens to real estate of Angola Land Company." ALC's Brief, p. 9. As previously stated, on May 18, 1992, appellants filed a summary judgment motion alleging that the December 1990 no lien agreement was superseded by another agreement. The trial court found that there was a genuine issue of material fact and denied the motion. ALC did not file a summary judgment motion alleging that the second agreement did not supersede the no-lien agreement, and neither party appealed the denial of appellants' motion. Further, the December 14, 1994, order which is the subject of this appeal does not mention the no-lien agreement. An issue beyond the scope of a trial court's order is not before us for review. *See, Doe by Roe v. Madison Center Hosp.* (1995), Ind.App., 652 N.E.2d 101, 102, n. 1, *reh'g denied.*