**JOHN WENDT & SONS,**
**Appellant–Plaintiff,**

v.

**EDWARD C. LEVY COMPANY,**
**et al., Appellee–Defendant.**

**No. 71A03–9706–CV–184.**

Court of Appeals of Indiana.

Sept. 25, 1997.

Rehearing Denied Jan. 27, 1998.

---

Susan A. Hoffleder, Fred R. Haines, South Bend, for Appellant–Plaintiff.

Timothy J. Abeska, David R. Kibbe, Roemer and Mintz, South Bend, for Appellee–Defendant.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff John Wendt & Sons (Wendt) appeals the trial court's order which required Wendt to release liens and a notice to owner of personal responsibility, for which the court ordered substitution of a letter of credit ·for amounts Wendt alleges appellee-defendant Edward C. Levy Company (Levy) owes Wendt in Levy's capacity as landowner and beneficiary of labor and construction

performed by Wendt. The Treasurer for St. Joseph County was named as a defendant as well, based upon some interest in the realty, but the Treasurer has not actively participated in the proceedings.

In May through August 1995, Wendt, an Indiana partnership whose main business is to supply labor and cranes for industrial projects, performed work at Levy's site during which a Rohr 10–yard dredge and conveyor system was erected. Wendt acted as the subcontractor hired by Rohr. Rohr was hired as the general contractor by Levy.

After the work was completed, a dispute arose between Rohr and Wendt regarding payment. Pursuant to a forum selection clause in the contract between Rohr and Wendt, Rohr filed suit against Wendt in Hamilton County, Ohio. Rohr's complaint raised questions including timeliness and workmanship.

Wendt sought and was granted permission by the Ohio court to file the lien foreclosure action to preserve the liens in Indiana. In October 1996, Wendt filed a complaint in three counts in St. Joseph County, Indiana where the dredge was erected and remains situated. Wendt's complaint alleged that it had performed services and improved Levy's property in the amount of $125,201.74. Wendt alleged Levy's non-payment. Wendt sought foreclosure on personalty and mechanic's liens which had been recorded in October 1995 and requested recovery based upon the liens and the notice to owner of personal responsibility.

Also, Wendt requested possession of the equipment and that Levy be enjoined from continuing to use the dredge and deplete sand and resources from the property. Wendt requested, *inter alia*, compensation in the amount of $79,600 for Levy's use of the dredge, attorney's fees, costs, and prejudgment interest.

Rohr filed contempt proceedings against Wendt in Ohio. Rohr claimed that Wendt's complaint exceeded the scope of the action

necessary to preserve the liens. The Ohio court found Wendt in contempt.

On November 1, 1996, Levy filed a "Motion For Bond or Letter of Credit, and for Discharge of Liens and Personal Responsibility Notice." Pursuant to IND. CODE § 32–8–3–11 (1993 Ed.), Levy requested permission to substitute a bond or irrevocable letter of credit for the liens asserted by Wendt. In pertinent part, the motion alleged:

5. Wendt has asserted a claim in the principal amount of $125,201.74. Allowing for interest and attorney's fees which Wendt could potentially recover if it prevails, a bond or irrevocable letter of credit in the amount of $190,000 is reasonable and proper to protect Wendt's interests.

6. In addition to filing personalty liens and mechanic's liens, Wendt has caused personal responsibility notices to be recorded pursuant to I.C. § 32–8–3–9. Those notices seek to impose a lien upon funds, rather than against the dredge or real estate. With a written undertaking posted there will be no need for the personal responsibility notices, and Wendt will not be prejudiced if they are discharged.

7. Wendt [sic] further requests that the Court authorize the written undertaking to be posted by Rohr, to whom it has specifically assigned its rights to post a written undertaking. . . .

THEREFORE, Levy requests that a written undertaking in the amount of $190,000 be approved by the Court to the effect that Rohr will pay any lien foreclosure judgment which Wendt may recover against Levy, including costs, interest and attorney's fees as allowed by the Court, such that Levy is released from liability under all liens asserted by Wendt.

On January 9, 1997, Wendt filed its memorandum in opposition to Levy's motion to substitute a bond or letter of credit and discharging liens and the personal responsibility notice. Wendt's motion alleged that the liens should remain inasmuch as Levy was not a party to the action in Ohio,[1] and as

1. The record does not contain a definitive answer as to whether Levy is a party to the action in Hamilton County, Ohio. Wendt's motion in opposition asserted that the attorney representing

Rohr filed a motion for leave to join Levy in the action and then, alleging an indemnification agreement, the same attorney, now as counsel for Levy, filed a pleading stating that the Ohio

such, Wendt could lose its right of recovery from the landowner if Levy was not joined in the Ohio action. According to Wendt, once the liens and personal liability are dissolved, Wendt's best evidence of its right to recover from Levy would be lost.

Further, Wendt objected on the basis that the personalty lien provisions, as opposed to the mechanic's lien provisions, do not specifically allow substitution of a bond for the lien. In a similar vein, Wendt noted that the personal liability notice is not a lien, and as such, a bond or letter of credit cannot serve to dissolve the recorded Notice to Owner to Pay Mechanic.

A hearing was held on the motion to substitute bond in January 1997. At the hearing, the Indiana court was apprised of some aspects of the Ohio litigation, including that the Ohio court issued a September 1996 order allowing Wendt to file for lien foreclosure in Indiana to prevent the liens from lapsing. Counsel for Levy [2] asserted that Levy is a party to the Ohio proceedings. At the hearing, Levy recognized that the personalty lien statutes do not specifically allow substitution of a bond for the lien, but Levy asserted that the personalty lien provisions explicitly state that the section is intended to supplement other provisions relating to liens. Thus, according to Levy, the bond provisions within the mechanic's lien statutes are applicable to personalty liens. Also, Levy acknowledged that the statute regarding personal responsibility notice does not contain a provision for release upon a bond. As to the personal responsibility, Levy argued that Wendt is

entitled to only one recovery making the personal responsibility superfluous.

In April 1997, the trial court entered an order approving the letter of credit and discharging the liens and the personal responsibility notice. In pertinent part, the order provided:

> The Letter of Credit shall secure the payment of any judgment which Wendt may recover against Rohr or Levy in this action or the related litigation which is pending in the Court of Common Pleas of Hamilton County, Ohio, including costs, prejudgment interest and attorney's fees, if the claim on which such judgment is founded shall be determined by the Court entering judgment to be the subject of a valid mechanic's or personalty lien asserted by Wendt.

The order then sets out the personalty and mechanic's liens, as well as the "Notice to Owner to Pay Mechanic" which are discharged by the letter of credit.

On May 7, 1997, a document entitled "Irrevocable Standby Letter of Credit" was filed with the trial court. The letter of credit was in the amount of $190,000. Wendt was listed as the beneficiary, and Rohr was listed as the applicant. The letter included an expiration date of December 31, 1999. In relevant part, the letter stated that negotiation could be accomplished upon presentation of the:

> ORIGINAL, WRITTEN REQUEST FROM BENEFICIARY FOR PAYMENT FROM THE PROCEEDS OF THIS LETTER OF CREDIT ACCOMPANIED BY ORIGINAL, WRITTEN INSTRUCTION FROM APPLICANT (CONTAINING

court lacks jurisdiction over Levy. Subsequent to the answer filed by Levy in the Ohio action asserting a lack of jurisdiction by Ohio, the contempt petition filed against Wendt by the same attorney acting on behalf of Rohr notes that "Levy has been made a party-defendant to this proceeding." While this Court is not the proper forum to raise ethical considerations within the Ohio action, the confusion regarding whether Levy is a party to the action in Ohio and whether Wendt's position relative to the landowner will be compromised by release of the liens and notice of personal responsibility are questions squarely before this Court.

**2.** During Mr. Abeska's soliloquy explaining the parties' relationships and the foregoing proceedings, he stated:

Rohr, who I originally represented in matters involving Wendt, is contractually obligated to indemnify Levy, so that's why I'm in here for Levy. And Rohr is not a party here because that dispute is going to be resolved in Ohio. Levy doesn't have any further obligations to Rohr. And there is attached to the motion a document by which Levy has assigned to Rohr its rights as owner of the real estate or personalty, ... to bond off liens.

As noted above, the record contains conflicting assertions as to whether Levy is a party to the action in Ohio. No one disputes that Rohr is not a party to the action in Indiana.

THE WRITTEN SIGNATURE OF JO-CHEN ROHR) PERMITTING BENEFI-CIARY TO PAYMENT UNDER THIS LETTER OF CREDIT; OR CERTI-FIED COPY OF AN ORDER ISSUED BY THE HAMILTON COUNTY COM-MON PLEAS COURT IN THE CASE CAPTIONED ROHR CORPORATION V. WENDT & SONS, INC., CASE NO. A9602444, WHICH INVOLVES AN AC-TION BY WENDT AGAINST ROHR FOR THE PAYMENT OF DAMAGES, COSTS AND/OR ATTORNEYS' FEES (AND TO THE EXTENT THAT LEVY COULD BY [sic] FOUND LIABLE TO WENDT FOR ITS ATTORNEYS' FEES, SAID CLAIM BEING ASSERTED AGAINST ROHR AS IF ROHR WAS LI-ABLE FOR THIS OBLIGATION TO WENDT) WHICH ORDER AUTHO-RIZES BENEFICIARY TO REQUEST PAYMENT UNDER THIS LETTER OF CREDIT ALONG WITH ORIGINAL OF A LETTER EXECUTED BY COUNSEL FOR BENEFICIARY IN THE ABOVE–CAPTIONED CASE INDICATING THAT SAID ORDER IS FINAL, THAT NO APPEALS HAVE BEEN FILED WITH RESPECT TO SAID ORDER OR THAT ALL SUCH APPEALS HAVE BEEN RESOLVED AND THE ORDER REMAINS IN EFFECT OR THAT ALL RIGHTS TO APPEAL THE ORDER HAVE EXPIRED.

Also on May 7, 1997, Wendt filed its petition to stay the order discharging the liens pending appeal of the trial court's decision and filed its praecipe for the record for use in an interlocutory appeal. On May 12, 1997, Levy filed its objection to the petition to stay the court order discharging the liens and requested entry of a supplemental order. This appeal ensued.

Although Wendt presents four issues for review, the only issues requiring resolution are:

(1) whether the trial court erred in order-ing the substitution of the letter of credit

for validly recorded liens and a notice to owner of personal responsibility; and

(2) whether the letter of credit comports with the trial court's order.

■ Initially, Levy questions the efficacy of Wendt's interlocutory appeal which was not perfected pursuant to Ind. Appellate Rule 4(B)(6). Wendt contends that the appeal is properly before this Court as a matter of right under Ind. Appellate Rule 4(B)(1). In pertinent part, App.R. 4(B)(1) states:

[A]ppeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action[.]..

Here the court's order requires Wendt to discharge liens, as well as other evidence of payment due by Levy. The loss of the security for payment of money falls within the purview of the rule.[3] Thus, the appeal is justiciable as a matter of right as contemplated by App.R. 4(B)(1). *Cf. Koch v. James*, 616 N.E.2d 759, 760 (Ind.Ct.App.1993) (interlocutory appeal permitted when shift of control of asset may result in material changes which could not be remedied by a later appeal).

■ Historically, the origin for and purpose of mechanic's lien statutes are to make property owners the involuntary guarantors of payments for the reasonable value of the improvement made to real estate by physical labor or materials furnished by laborers or materialmen. *Premier Investments v. Suites of America*, 644 N.E.2d 124, 130 (Ind.1994). The liens laws prevent the inequity of property owners enjoying the benefits of labor and materials furnished by others without recompense. *Id.* The lien statutes provide a method by which contractors, subcontractors, laborers, and materialmen can obtain remuneration from those whose property has increased in value through their efforts, thus, preventing the unjust enrichment of the landowners. *McCorry v. G. Cowser Const.*,

---

**3.** Under the circumstances in the present case where the material characteristics of the letter of credit to be substituted for liens and a personal responsibility notice are called into question, the risk of losing the right to payment of money is appealable as a matter of right.

*Inc.*, 636 N.E.2d 1273, 1281 (Ind.Ct.App. 1994). A mechanic's lien must arise out of contract, but the right to a lien is in rem, and in some instances a lien may be declared and foreclosed without recovery of a personal judgment. *Kokomo Medical Arts Bldg. Partnership v. William Hutchens & Assoc.*, 566 N.E.2d 1093, 1095 (Ind.Ct.App.1991) (citing *Mann et al. v. Schnarr*, 228 Ind. 654, 662–663, 95 N.E.2d 138, 141 (1950)) (distinguishing in rem recovery which may be had against co-owners of realty not subject to personal judgment when for example contract executed by another co-owner, from in personam recovery, noting in rem judgment against land on lien foreclosure valid against all co-owners nonetheless).

▮ We turn to the substantive claims by Wendt. As presented, a portion of Wendt's complaint on appeal is based upon a contention that it will be harmed by the substitution of the letter of credit, in part, because Rohr, who is not a party to the action for foreclosure of the liens, is the applicant for the letter of credit. It is of no moment whether Levy or Rohr promises to pay by irrevocable letter of credit. Wendt cannot base a claim of harm upon the substitution of an absolute guarantee of payment for liens which have not been taken to judgment. Wendt's insistence that Rohr is not a party to the Indiana action for foreclosure and cannot be obligated to guarantee payment misses the mark. Once an irrevocable letter of credit is issued in a manner which guarantees Wendt payment in the event of a judgment, Wendt cannot be heard to complain of the source of the money.

▮ Next, Wendt contends[4] that the liens and notice of personal responsibility are not materially of the same quality as the court's order allowing the surety; thus, the trial court erred in ordering substitution. Wendt has in place three distinct types of claims for payment from Levy as the landowner: mechanic's liens, personalty liens, and a notice to owner of personal responsibility. As to

the mechanic's liens, IND. CODE § 32–8–3–11 (1993 Ed.) is relevant. The statute provides:

> In all proceedings commenced to enforce the lien, the defendant or owner of the property or any person having an interest therein, including mortgagees and other lienholders, may file in such proceedings a written undertaking with surety to be approved by the court, to the effect that he will pay any judgment that may be recovered therein, including costs and attorneys' fees allowed by the court therein, if the claim on which such judgment is founded shall be found by the court to have been a lien on said property at the time of the commencement of said action. Upon the filing of such undertaking, the court shall enter an order releasing said property from such lien and thereafter such property shall be discharged from said lien.

IND. CODE § 32–8–3–11. The plain language of the statute resolves Wendt's complaint regarding its preference to retain the liens rather than the letter of credit. The statute specifically allows substitution of a surety in place of mechanic's liens. The statute is clear that once the court approves the written undertaking to guarantee payment, the liens shall be released. Consequently, the concept of substituting the surety as the basis of the court's action in the present proceeding was entirely correct, as to the mechanic's liens.

▮ As to the personalty liens, IND. CODE § 32–8–32–2 (1993 Ed.) allows "transfermen, draymen, and all other persons, firms, limited liability companies, or corporations engaged in ... transferring, hauling, or conveying goods, merchandise, machinery, machines or ... erecting machines, machinery, stacks or other equipment" to acquire a personalty lien and "such lienor may keep possession of such goods during the pendency of such lien or action thereon unless otherwise ordered by the court." Wendt argues that the personalty lien statutes, IND.

---

4. Wendt's arguments are interwoven and loosely constructed. Wendt returns repeatedly to the theme that Rohr should not post the surety because Rohr is not a party to the Indiana proceedings. By this decision, it is intended that the matter will be laid to rest. There does exist, however, a real question whether Wendt will be harmed by the failure to add Levy as a party in the Ohio action.

CODE § 32–8–32–1 et seq., contain similar provisions to the mechanic's lien statutes regarding notice of intention to hold a lien, recording, enforcement, and attorney's fees but contain no provision for substitution of a surety for the personalty liens. As such, Wendt asserts that the substitution is not contemplated by the personalty lien statutes.

Levy argues that the final provision within the personalty lien statutes incorporates the provisions of the mechanic's lien laws, which would, in turn, allow application of the surety procedures in personalty lien situations. The provision states:

> This chapter shall not be construed as repealing any other law in force on May 31, 1921, concerning liens or the foreclosure of the same, but this chapter is intended to be supplemental to all laws in force on May 31, 1921, concerning liens and the foreclosure of the same.

IND. CODE § 32–8–32–6 (1993 Ed.).

While Wendt may be technically correct that the personalty lien statutes make no provision for the substitution of a surety, Wendt did not retain possession of the dredge as allowed by the personalty lien statute.[5] Yet, even without possession of the equipment, the personalty lien on the equipment would afford Wendt protection in the event that Levy sold the equipment or the realty upon which the equipment was erected.

When distilled to its essence, the underpinnings of the statute allowing substitution of surety for a mechanic's lien are apparent. It allows the landowner to clear encumbrances which cloud title to the land, while still protecting the mechanic's interest by way of guaranteed payment in the event the mechanic gains a judgment against the landowner. In the event of a personalty lien, no additional burdens on the real estate are created; thus, no provisions for substituting a bond for the lien exist. Mechanic's liens contemplate improvements which would normally run with the land, such as buildings or structures, see *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 102 (Ind.Ct.App.1995) (landscaping inextricably tied to realty); yet, personalty liens are unique in that some apparatus or equipment which could be removed or withheld without encumbering the realty is presumed.

Levy contends that the savings provision of the personalty lien statutes implicitly allows application of the surety provisions to personalty liens. Inasmuch as the personalty lien statutes reiterate the notice, recording and enforcement procedures, as well as the availability of attorney's fees for personalty liens, the failure to specify surety procedures for their release seems to imply that no such provision exists. Given that the only burden which arises in the personalty lien circumstance is directed to the equipment, the tangible item which is at the center of the controversy, forcing the lienholder to release the lien is not as necessary as in the case of a mechanic's lien against realty which burdens more than the improvement made to the land.

 Having determined that there is no provision to force the lienholder to accept a surety in place of a personalty lien, it is noteworthy that the reverse is also true. No provision exists prohibiting a court from authorizing the release of the personalty lien. If based upon surety which leaves the lienholder in a position as favorable as the security offered by the lien, normally a guaranteed payment seems preferable to the existence of a lien. As will be discussed below, if the surety does not adequately provide the security to which the lienholder is entitled, substitution of the surety is improper.

The final segment of the first issue requires examination of the propriety of requiring the release of the notice of personal responsibility upon evidence of guaranteed payment. The statute which provides for notice of personal responsibility to the owner is IND. CODE § 32–8–3–9 (1993 Ed.). In *Lee & Mayfield v. Lykowski House Moving Eng.*, 489 N.E.2d 603, 607 (Ind.Ct.App.1986), this Court examined the personal liability statute:

---

**5.** The record reflects that the 10–yard dredge was erected so that a portion floats on water and the rest is anchored to Levy's land. As such, retention of possession of the dredge may have been unfeasible.

The provision preserves for a subcontractor or materialman a right of action against an owner even though the subcontractor has no contract with the owner. There is a conflict among the cases construing this provision and its predecessor provisions as to whether a lien, *per se*, is even created by giving notice to the owner. A line of early Indiana Supreme Court decisions holds that no lien is intended or created by compliance with the personal liability section. [Citations omitted.] The court has viewed the personal liability section as an additional or alternative remedy for persons coming within the scope of the mechanic's lien statute. [Citation omitted.] This is particularly persuasive in view of the fact that the contractor and the owner may, by way of a no-lien agreement, [footnote omitted] foreclose a subcontractor or materialman from acquiring a mechanic's lien on the owner's real estate. In the face of a no-lien agreement a subcontractor may still resort to the personal liability section. [Citation omitted.]

\* \* \* \* \* \*

[T]he personal liability section provides an alternative or additional remedy for individuals who may be barred from acquiring a mechanic's lien because of a no-lien agreement between the contractor and the owner, or for whom the mechanic's lien might be inadequate due to prior encumbrances on the property.

*Id.* at 607–608.

That the personal liability statute is an alternative or additional means for recovering from the owner indicates its position as a safety net. In *McCorry*, 636 N.E.2d 1273, this Court observed:

The personal liability section of the code makes no mention of a lien on real estate. It provides only for a cause of action to hold the owner of real estate personally liable. The remedy provided by § 9 is purely personal, while the remedy provided-

ed by I.C. 32–8–3–1, the mechanic's lien statute, is *in rem.* [Citation omitted.]

\* \* \* \* \* \*

Thus the code allows a subcontractor to acquire a lien on property, or to hold the owner of the real estate personally liable, or to do both. [Citations omitted.]

*Id.* at 1279–1280.

On its face, the substitution of surety for any of the liens or the notice of personal responsibility does not appear to pose a threat of harm to Wendt or any mechanic. However under the circumstances of the present case, Levy is not a party to the action in Ohio. If the Ohio court is to determine all issues regarding Rohr's and Wendt's liability to each other, Levy would appear to be a necessary party. In the event that Levy is not a party and issues of *quantum meruit* or unjust enrichment as to Levy remain, Wendt's ability to recover from Levy may be diminished by release of the personalty liens and notice of personal responsibility.

Viewing the issues from Levy's perspective, the personalty liens and notice of personal responsibility do not burden the realty. The only burden is upon the dredge which is at the heart of the proceedings in Ohio and Indiana. Further, Wendt alleges that Levy has gained the value of the dredge by using it for its intended purpose and gaining profit from its use during the course of these proceedings.

If Levy is not added as a party in Ohio, Wendt's claims for *quantum meruit* and unjust enrichment would still be viable against Levy in Indiana.[6] This would be so even if Levy had paid Rohr the proceeds of the contract. *See McCorry*, 636 N.E.2d at 1281–1282 (landowners may be liable to subcontractor on theory of unjust enrichment in amount which exceeds original contract price).

Under the trial court's order releasing the liens and personal responsibility notice,

---

**6.** Because two separate proceedings are in motion, it is noteworthy that in *Kokomo Medical Arts v. Hutchens & Assoc.*, 566 N.E.2d 1093, 1094–1095 (Ind.Ct.App.1991), this Court found that the dismissal, based upon a defective lien, of an action to foreclose a mechanic's lien was not res judicata as to a second complaint for breach of contract and a demand for payment of services rendered.

Wendt is entitled to payment on the surety, including costs, prejudgment interest, and attorney's fees, if it recovers from Levy or Rohr "in this action or the related litigation" in Ohio, "if the claim on which such judgment is founded shall be determined by the Court entering judgment to be the subject of a valid mechanic's or personalty lien asserted by Wendt."

■ Under the present circumstances, Levy does not appear to be a party to the Ohio action. Conditioning payment of the letter of credit upon recovery against the landowner in an action wherein the landowner is not a party is not surety at all. On the other hand, according to the trial court's order, Wendt could not recover from Levy on the surety in Indiana unless it is based upon the mechanic's or personalty liens. If the surety is limited to judgment on valid liens, there is no reason to release the notice to owner of personal responsibility. The notice, as outlined above, is not a lien but instead constitutes a separate basis for recovery against an owner on a theory of unjust enrichment. In the present case, the order releasing the liens and the notice to owner of personal responsibility, as drafted, does not serve the intention of the statutes.

Forcing Wendt to release liens and other evidence of entitlement to payment in Indiana, when Wendt may not be able to recover against Levy in Ohio, appears to undermine the intention of the Indiana statutes. Levy could be left with possession and use of the dredge, and Wendt could be left without evidence of its claim for payment due to the provisions of the actual letter of credit, as will be discussed below.

■ The personalty liens and the notice of personal responsibility do not encumber the realty. The statutes do not specifically allow substitution of a bond for personalty liens and the notice of personal responsibility. As such, the trial court's order, as drafted regarding the personalty liens and the

notice to owner of personal responsibility, are incompatible with the purpose of the statutes. Accordingly, the cause must be reversed and remanded.

■ To the extent that this remand does not foreclose the order requiring release of the mechanic's liens upon proper surety, the second issue will be addressed. The court's order clearly intended for Wendt to be guaranteed payment based upon entitlement to recovery from either Rohr or Levy in Ohio or Indiana. Here, the trial court entered an order approving the letter of credit and ordering release of the liens and notice of personal responsibility in advance of the presentation of the actual letter of credit. While the trial court's order does not include a term of expiration, the letter of credit requires resolution of all matters, including appeals, by December 31, 1999. Further the letter of credit, which is not a model of clarity, is payable upon a judgment against Rohr in Ohio only and against Levy for attorney's fees in Ohio only. Suffice it to say, the present letter of credit, as drawn, does not comport with the requirements of the order.

Because the matter is remanded for further action as to the order, the letter of credit would necessarily fail. Other tangential issues broached by Wendt have no bearing on this interlocutory appeal. The cause is hereby remanded to the trial court for further proceedings consistent with this decision.

Reversed and remanded.

SHARPNACK, C.J., and BAKER, J., concur.